1  Liat L. Yamini, Bar No. 251238
   Estefani Rodriguez, Bar No. 341042
2  JONES DAY
   555 South Flower Street
3  Fiftieth Floor
   Los Angeles, California  90071.2452
4  Telephone:  +1.213.489.3939
   Facsimile:   +1.213.243.2539
5  lyamini@jonesday.com
   estefanirodriguez@jonesday.com
6
7  Attorneys for Defendant
   UNITED PARCEL SERVICE, INC.
8

9               UNITED STATES DISTRICT COURT
10               CENTRAL DISTRICT OF CALIFORNIA
11

| | |
|---|---|
| 12  **GARY KAREN MARTIROSYAN,** | Case No. 2:23-cv-01094 |
| 13         **Plaintiff,** | **DEFENDANT'S NOTICE OF REMOVAL OF CIVIL ACTION FROM STATE COURT** |
| 14         v. | |
| 15  **UNITED PARCEL SERVICE, INC., a corporation, and DOES 1 - 100, inclusive,** | |
| 16  | |
| 17         **Defendants.** | |

NAI-1535364375v4

# **TABLE OF CONTENTS**

**Page**

I. CLAIMS ASSERTED IN THE COMPLAINT ................................................. 1

II. COMPLIANCE WITH STATUTORY REQUIREMENTS ............................ 1

III. VENUE AND INTRADISTRICT ASSIGNMENT ........................................ 2

IV. JURISDICTION: DIVERSITY ....................................................................... 2

V. JURISDICTION: FEDERAL QUESTION ..................................................... 8

VI. SUPPLEMENTAL JURISDICTION ............................................................ 11

VII. CONCLUSION .............................................................................................. 12

# **TABLE OF AUTHORITIES**

Page

**CASES**

*Alejandro Gonzalez v. Swissport SA, LLC, et al.*,
   Case No. BC685391, 2020 Jury Verdicts LEXIS 420426 (Los
   Angeles County Superior Court, Feb. 10, 2020) .................................................. 5

*Allis Chalmers Corp. v. Lueck*,
   471 U.S. 202 (1985) ..................................................................................... 8, 10

*Avila v. Kiewit Corp.*,
   No. CV 19-5740-MWF-JPR, 2019 U.S. Dist. LEXIS 167288 (C.D.
   Cal. Sept. 26, 2019) ............................................................................................. 6

*Bell v. Preferred Life Ass. Soc'y*,
   320 U.S. 238 (1943) ............................................................................................ 4

*Beneficial Nat'l Bank v. Anderson*,
   539 U.S. 1, 123 S. Ct. 2058, 156 L. Ed. 2d 1 (2003) ......................................... 11

*Bryan v. BellSouth Commc'ns, Inc.*,
   377 F.3d 424 (4th Cir. 2004) ............................................................................... 8

*Crawford v. DIRECTV, Inc.*,
   2010 WL 5383296 (Los Angeles County Sup. Ct.) ............................................ 7

*Curtis et al. v. Irwin Industries, Inc.*,
   913 F.3d 1146 (9th Cir. 2019) ............................................................................. 9

*Dart Cherokee Basin Operating Co. v. Owens*,
   574 U.S. 81 (2014) .............................................................................................. 4

*Denenberg v. Cal. Dep't of Transp.*,
   2006 WL 5305734 (San Diego County Sup. Ct.) ............................................... 7

*Fristoe v. Reynolds Metals Co.*,
   615 F.2d 1209 (9th Cir. 1980) ............................................................................. 3

*Fritsch v. Swift Transportation Co. of Arizona, LLC*,
   899 F.3d 785 (9th Cir. 2018) ............................................................................... 3

*Galt G/S v. JSS Scandinavia*,
   142 F.3d 1150 (9th Cir. 1998) ............................................................................. 7

*Goldberg v. CPC Int'l, Inc.*
   678 F.2d 1365 (9th Cir. 1982) *cert. denied*, 459 U.S. 945 (1982) ...................... 4

*Hernandez v. Pac. Mar. Ass'n*,
   379 Fed. App'x 668 (9th Cir. 2010) .................................................................. 11

*Lingle v. Norge Div. of Magic Chef, Inc.*,
   486 U.S. 399 (1988) ............................................................................................ 9

*Qiu v. Three Rivers Provider Network, Inc.*,
 2019 WL 7762121 (San Diego County Superior Court, October 15,
 2019) .......................................................................................................... 5

*Richmond v. Allstate Insurance Co.*
 897 F. Supp. 447 (S.D. Cal. 1995) ............................................................. 5

*Roby v. McKesson Corp.*,
 47 Cal. 4th 686 (2009) ................................................................................ 6

*Rodriguez v. Home Depot, U.S.A., Inc.*,
 No. 16-CV-01945-JCS, 2016 WL 3902838 (N.D. Cal. July 19,
 2016) .......................................................................................................... 6

*Sanchez v. Monumental Life Ins.*,
 95 F.3d 856 (9th Cir. 1996), *amended and superseded on other
 grounds* 102 F.3d 398 (9th Cir. 1996) ...................................................... 4

*Simmons v. PCR Tech.*,
 209 F. Supp. 2d 1029 (N.D. Cal. 2002) .................................................. 6, 7

*Tilkey v. Allstate Ins. Co.*,
 2018 WL 3726939 (San Diego County Superior Court, May 4,
 2018) .......................................................................................................... 5

*Valdez v. Allstate Ins. Co.*,
 372 F.3d 1115 (9th Cir. 2004) .................................................................... 4

*Young v. Anthony's Fish Grottos, Inc.*,
 830 F.2d 993 (9th Cir. 1987) ............................................................... 8, 10

**STATUTES**

28 U.S.C. § 1331 ............................................................................................... 1, 8

28 U.S.C. § 1332 ............................................................................................ 1, 2, 3

28 U.S.C. § 1332(a) ............................................................................................ 3, 4

28 U.S.C. § 1332(c) ................................................................................................ 3

28 U.S.C. § 1367(a) ........................................................................................ 11, 12

28 U.S.C. § 1391(a) ................................................................................................ 2

28 U.S.C. § 1441 ..................................................................................................... 1

28 U.S.C. § 1441(a) ......................................................................................... 2, 3, 8

28 U.S.C. § 1446 ..................................................................................................... 1

28 U.S.C. § 1446(a) ................................................................................................ 2

28 U.S.C. § 1446(b) ................................................................................................ 2

DEFENDANT'S NOTICE OF REMOVAL OF CIVIL ACTION FROM STATE COURT

| | |
|---|---|
| 28 U.S.C. § 1446(d) | 2 |
| 29 U.S.C. § 185 | 11 |
| Cal. Code Civ. P. § 415.10 | 2 |
| Cal. Code Civ. P. § 415.30 | 2 |
| California Government Code § 12965 | 7 |
| FEHA | 1, 6 |
| LMRA § 301 | 8, 9, 10, 11 |
| LMRA § 301(a) | 8 |

**OTHER AUTHORITIES**

| | |
|---|---|
| Article III of the United States Constitution | 11 |

PLEASE TAKE NOTICE THAT Defendant United Parcel Service, Inc. ("Defendant") removes this matter from the Los Angeles County Superior Court to the United States District Court for the Central District of California under 28 U.S.C. §§ 1331, 1332, 1441, and 1446. The grounds for removal are set forth below.

## I. CLAIMS ASSERTED IN THE COMPLAINT

1. On January 10, 2023, plaintiff Gary Karen Martirosyan ("Plaintiff"), filed a civil lawsuit (the "Complaint") against Defendant in Los Angeles County Superior Court, Case No. 23STCV00458, *Gary Karen Martirosyan, Plaintiff v. United Parcel Service, Inc.; and DOES 1 through 100, inclusive, Defendants*.

2. In his Complaint, Plaintiff alleges that Defendant has employed him since March 1995 and that in April 2020 he suffered an on-the-job injury which led the company doctor to place work restrictions. (*See* Complaint, attached hereto as Exhibit A ("Compl."), ¶¶ 8, 9-10.) Plaintiff alleges that Defendant knowingly failed to engage in the interactive process and reasonably accommodate his disability in violation of the California Fair Employment and Housing Act ("FEHA"), and he has suffered emotional distress as a result of Defendant's conduct. (*See generally id*.)

3. In the Complaint, Plaintiff asserts claims for: (1) disparate treatment in violation of FEHA; (2) discrimination in violation of FEHA; (3) failure to provide reasonable accommodation; (4) failure to engage in a good faith interactive process; (5) failure to prevent discrimination, harassment and retaliation; (6) retaliation in violation of FEHA; (7) hostile work environment in violation of FEHA; (8) negligent inflection of emotional distress; and (9) intentional infliction of emotional distress.

## II. COMPLIANCE WITH STATUTORY REQUIREMENTS

4. On January 13, 2023, Plaintiff served Defendant with the Summons, Complaint, Civil Case Cover Sheet, and Notice of Case Management Conference.

- 1 -
DEFENDANT'S NOTICE OF REMOVAL OF CIVIL ACTION FROM STATE COURT

Defendant's removal of this action is therefore timely because Defendant is removing this matter within 30 days of completion of service of the Complaint. *See* 28 U.S.C. § 1446(b); Cal. Code Civ. P. §§ 415.10, 415.30. In accordance with 28 U.S.C. § 1446(a), copies of Plaintiff's Summons, Complaint, Civil Case Cover Sheet, and Notice of Case Management Conference are attached to this Notice of Removal as <u>Exhibit A</u>.

5. Defendant filed its Answer to Plaintiff's Complaint in state court on February 9, 2023. A copy of Defendant's Answer is attached to this Notice of Removal as <u>Exhibit B</u>. Exhibits A and B constitute all pleadings, process, and orders served on Defendant within the State Court Action.

6. Pursuant to 28 U.S.C. § 1446(d), Defendant will provide written notice of removal of the Action to Plaintiff, and promptly will file a copy of this Notice of Removal with the Clerk of the Superior Court of the State of California, County of Riverside. A copy of Defendant's Notice to State Court and Adverse Party of Removal of Action from State Court to the United States District Court for the Central District of California (without exhibits) is attached to this Notice of Removal as <u>Exhibit C</u>.

### III. <u>VENUE AND INTRADISTRICT ASSIGNMENT</u>

7. Venue lies in the United States District Court of the Central District of California under 28 U.S.C. § 1391(a) and 1441(a), because the Complaint was filed in this District in the Los Angeles County Superior Court. Pursuant to 28 U.S.C. § 1441(a), this case may properly be removed to the Central District of California, Western Division, because Plaintiff filed this case in the Superior Court of California, County of Los Angeles.

### IV. <u>JURISDICTION: DIVERSITY</u>

8. This Court has original jurisdiction over this action under 28 U.S.C. § 1332 because this is an action between citizens of different states, and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.

9. **Plaintiff's Citizenship**. Plaintiff is resident of California. (Compl. ¶ 1.) Plaintiff alleges, "Plaintiff GARY KAREN MARTIROSYAN [] is an was and was an individual residing in the County of Los Angeles, State of California [.]" (*Id.*) Plaintiff is, and at all times since commencement of this action has been, a citizen and resident of the State of California within the meaning of 28 U.S.C. § 1332(a).

10. **Defendant's Citizenship**. Under 28 U.S.C. § 1332(c), "a corporation shall be deemed to be a citizen of any State in which it has been incorporated, and of the State where it has its principal place of business." Defendant United Parcel Service, Inc. is a corporation formed under the laws of Ohio. (Declaration of Ryan Swift ("Swift Decl."), attached hereto as Exhibit D, ¶ 3.) Defendant's headquarters are located in Atlanta, Georgia, which is where its officers direct, control, and coordinate the company's activities, and where Defendant's executive, administrative, financial, and management functions are concentrated. (Swift Decl., ¶ 4.) Accordingly, Defendant is a citizen of the states of Ohio and Georgia. It is not a citizen of the State of California for removal purposes.

11. **Doe Defendants.** Pursuant to 28 U.S.C. § 1441(a), the residence of fictious and unknown defendants should be disregarded for purposes of establishing removal jurisdiction under 28 U.S.C. § 1332. *Fristoe v. Reynolds Metals Co.*, 615 F.2d 1209, 1213 (9th Cir. 1980) (unnamed defendants are not required to join in a removal petition). Thus, the existence of Doe defendants 1 through 100 does not defeat complete diversity.

12. **Amount in Controversy**. Although Defendant does not concede liability in any way, the amount in controversy in this action, exclusive of interest and costs, exceeds the sum of $75,000 as required by 28 U.S.C. § 1332(a). *See Fritsch v. Swift Transportation Co. of Arizona, LLC*, 899 F.3d 785, 793 (9th Cir. 2018). Plaintiff seeks to recover lost wages, benefits, salary increases and income, civil and statutory penalties, emotional distress damages, punitive damages,

1  declaratory relief, and costs and attorneys' fees. (Compl. ¶¶ 33- 34, 37-38, 41-42, 45-46, 50-51, 54-55, 59-60, 64-65, 69-70, and Prayer for Relief.)

13. The Complaint makes no specific statements as to the amount in controversy. When a specific amount of damages is not alleged in the complaint, a defendant only must show that "it is more likely than not" that the amount exceeds the jurisdictional amount of $75,000. *See Sanchez v. Monumental Life Ins.*, 95 F.3d 856, 862 (9th Cir. 1996), *amended and superseded on other grounds* 102 F.3d 398 (9th Cir. 1996). As explained by the Ninth Circuit, "the amount-in-controversy inquiry in the removal context is not confined to the face of the complaint." *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004) (finding that the Court may consider information presented in the removal petition). In determining whether a complaint meets the $75,000 threshold of 23 U.S.C. § 1332(a), a court may consider the aggregate value of claims for compensatory and punitive damages, as well as attorneys' fees. *See Bell v. Preferred Life Ass. Soc'y*, 320 U.S. 238, 240 (1943) ("Where both actual and punitive damages are recoverable under a complaint, each must be considered to the extent claimed in determining jurisdictional amount."); *Goldberg v. CPC Int'l, Inc.* 678 F.2d 1365, 1367 (9th Cir. 1982) *cert. denied*, 459 U.S. 945 (1982) (attorneys' fees may be taken into account to determine jurisdictional amount).

14. A notice of removal "need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81. 89 (2014). A removing defendant may establish the amount in controversy through allegations and is not required to present admissible evidence unless the removal is challenged by a court or through a motion or remand. *See id.*, at 87-88.

15. The aggregate amount in controversy based on Plaintiff's alleged claims well exceeds the amount in controversy threshold of $75,000 necessary to

establish diversity jurisdiction using the conservative estimates as follows[1]:

16. <u>Emotional Distress Damages.</u>  The amount in controversy will include the amount of money Plaintiff might recover for his alleged emotional injuries that he attributes to Defendant's allegedly unlawful and discriminatory conduct. Plaintiff claims that as a result of Defendant's action, he "has suffered non-economic damages" that "include but are not limited to the fear, humiliation, emotional distress, and mental, or emotional or physical pain and anguish that has been and/or will be foreseeably be experienced by plaintiff, all to his damage and detriment [.]" (*See generally* Compl.; Prayer ¶ 1.)  The "vagueness of plaintiff's pleadings with regard to emotional distress damages should not preclude this Court from noting that these damages are potentially substantial." *Richmond v. Allstate Insurance Co.* 897 F. Supp. 447, 450 (S.D. Cal. 1995).

17. In cases alleging retaliation and discrimination, the emotional distress damages awarded alone often exceed the $75,000 amount in controversy threshold. In *Qiu v. Three Rivers Provider Network, Inc.*, 2019 WL 7762121 (San Diego County Superior Court, October 15, 2019), the jury awarded the plaintiff $2,500,000 in emotional distress damages based on claims of wrongful termination. *See also Tilkey v. Allstate Ins. Co.*, 2018 WL 3726939 (San Diego County Superior Court, May 4, 2018) (awarding $1,974,915 for emotional distress damages to a plaintiff claiming wrongful termination).  These awards demonstrate that plaintiffs bringing claims for discrimination or retaliation in California courts may recover money damages for alleged emotional distress that substantially exceed the amount in controversy threshold.

18. Further, in cases alleging failure to accommodate a disability, jury verdicts in favor of plaintiffs often exceed the amount in controversy.  In *Alejandro*

---

[1] In providing the amount in controversy for purposes of removal, Defendant does not concede or acknowledge in any way that the allegations in Plaintiff's Complaint are accurate, that the allegations state a claim upon which relief may be granted, or that Plaintiff is entitled to any amount under any claim or cause of action.

- 5 -

1  *Gonzalez v. Swissport SA, LLC, et al.*, Case No. BC685391, 2020 Jury Verdicts
2  LEXIS 420426 (Los Angeles County Superior Court, Feb. 10, 2020), a jury
3  awarded the plaintiff $800,000 in damages for emotional distress resulting from his
4  employer's termination of his employment after he requested a reasonable
5  accommodation on the amount of weight he was able to lift.

6       19.    Here, conservatively estimating that Plaintiff's allegations of
7  "emotional distress and anxiety" place **$50,000** controversy.  Notably, it would be
8  appropriate based on prior California jury verdicts awarding substantial damages
9  for emotional distress to conclude that the amount placed in controversy by
10  Plaintiff's claims of physical and emotional injury alone (without adding
11  compensatory damages of "lost wages") exceeds the $75,000 threshold.

12       20.    <u>Punitive Damages</u>.  In addition to seeking lost wages, benefits,
13  penalties, and damages for emotional distress, Plaintiff furthers seek to recover
14  what is often the most lucrative form of relief in a suit of this nature:  punitive
15  damages.  (Compl. ¶¶ 1, 34, 38, 42, 46, 51, 55; Prayer ¶ 7.)  The amount in
16  controversy determination may include punitive damages when they are
17  recoverable as a matter of law.  *Rodriguez v. Home Depot, U.S.A., Inc.*, No. 16-CV-
18  01945-JCS, 2016 WL 3902838, at *5 (N.D. Cal. July 19, 2016).  Punitive damages
19  are recoverable under FEHA.  *Avila v. Kiewit Corp.*, No. CV 19-5740-MWF-JPR,
20  2019 U.S. Dist. LEXIS 167288, at *11-*13 (C.D. Cal. Sept. 26, 2019).  The amount
21  of punitive damages may be established by examining jury verdicts in cases
22  involving similar facts. *Id.*

23       21.    Juries regularly return verdicts when the plaintiff asserts a claim for
24  disability discrimination under FEHA.  (*See Simmons v. PCR Tech.*, 209 F. Supp.
25  2d 1029, 1033 (N.D. Cal. 2002) (noting that a review of reported jury verdicts
26  "amply demonstrate the potential for large punitive damages" in a case alleging
27  employment discrimination and retaliation); *Roby v. McKesson Corp.*, 47 Cal. 4th
28  686 (2009) (affirming jury verdicts exceeding $1 million in punitive damages in

alleged retaliation case).  Assuming for purposes of removal only that the punitive damages claim put in controversy a mere **$150,000** for Plaintiff, Defendant has satisfied the amount in controversy for purposes of diversity.

22.    Attorneys' Fees.  Finally, Plaintiff seeks to recover statutory attorneys' fees pursuant to California Government Code section 12965. (Prayer ¶ 6.)  Statutory attorneys' fees are considered when evaluating the amount in controversy for purposes of determining diversity jurisdiction.  *See, e.g.*, *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998) ("[W]here an underlying statute authorizes an award of attorneys' fees, either with mandatory or discretionary language, such fees may be included in the amount in controversy."); *Simmons v. PCR Tech.*, 209 F. Supp. 2d 1029, 1035 (N.D. Cal. 2002) (holding that where attorneys' fees are "recoverable by statute," fees reasonably anticipated over the life of the litigation are included in the amount in controversy analysis.)

23.    Attorneys' fees in cases of this nature, which are taken through trial, routinely exceed $75,000.  *See, e.g., Crawford v. DIRECTV, Inc.*, 2010 WL 5383296 (Los Angeles County Sup. Ct.) (approving attorneys' fee award of $159,762.50); *Denenberg v. Cal. Dep't of Transp.*, 2006 WL 5305734 (San Diego County Sup. Ct.) (attorneys' fee award of $490,000 for claims).  Assuming for purposes of removal only that Plaintiff's counsel will incur attorneys' fees of a very conservative **$100,000** to prosecute Plaintiff's claims through trial, Defendant has, when this attorneys' fee amount is combined with the other amounts in dispute, satisfied the amount in controversy for purposes of establishing diversity jurisdiction.

24.    To be clear, Defendant does not concede that Plaintiff has been damaged in any amount or at all, or that he will prevail on any of his claims.  If Plaintiff does prevail on his claims, however, the combined total of Plaintiff's claims for lost past and future wages, emotional distress damages, penalties, punitive damages, and attorneys' fees that may be awarded exceed this Court's

jurisdictional minimum, as is shown by the chart below.

| Type of Relief Sought | Amount In Controversy |
|---|---|
| Emotional Distress | $50,000 |
| Punitive Damages | $150,000 |
| Attorneys' Fees | $100,000 |
| **Total** | **$300,000** |

25. The $75,000 amount in controversy requirement for diversity jurisdiction is easily satisfied in this matter.

### V.   JURISDICTION: FEDERAL QUESTION

26. Alternatively, this Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1331, and removal is proper under 28 U.S.C. § 1441(a) because the Complaint is founded upon claims "arising under the laws of the United States." At all relevant times, Defendant has been and is now a corporation engaging in commerce in an industry affecting commerce within the meaning of section 301(a) of the Labor Relations Management Act ("LMRA"),

27. Removal jurisdiction exists where, although only state law claims are pleaded, those claims are completely preempted by federal law. *See Bryan v. BellSouth Commc'ns, Inc.*, 377 F.3d 424, 428–29 (4th Cir. 2004). "To remove a state law claim to federal court under the complete preemption doctrine, federal law must both completely preempt the state law claim, and supplant it with a federal claim." *Young v. Anthony's Fish Grottos, Inc.*, 830 F.2d 993, 997–98 (9th Cir. 1987). To be clear, where a state law claim is completely preempted and supplanted by federal law, preemption is not "merely asserted as a defense" but rather is sufficient to create removal jurisdiction. *Id.*

28. All state law claims raised by employees who are represented by a union and that require interpretation of a CBA must be brought under Section 301. *Allis Chalmers Corp. v. Lueck*, 471 U.S. 202, 211 (1985). "Although normally

federal preemption is a defense that does not authorize removal to federal court, § 301 has such extraordinary preemptive power that it converts an ordinary state common law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule. In other words, a civil complaint raising claims preempted by § 301 raises a federal question that can be removed to federal court." *Curtis et al. v. Irwin Industries, Inc.*, 913 F.3d 1146, 1152 (9th Cir. 2019). The Supreme Court explained the reasoning behind this rule: "[I]f the resolution of a state-law claim depends upon the meaning of a collective bargaining agreement, the application of state law . . . is preempted and federal labor principles—necessarily uniform through the nation—must be employed to resolve the dispute." *Lingle v. Norge Div. of Magic Chef, Inc.*, 486 U.S. 399, 405–06 (1988).

29. Plaintiff was at all relevant times, through the termination of his employment, an employee of Defendant and represented by the International Brotherhood of Teamsters Union Local 396 (the "Union"). (Declaration of Byron Bravo ("Bravo Decl."), attached hereto as <u>Exhibit E</u>, ¶ 3.) At all times up to and including the date of termination of Plaintiff's employment with Defendant, the Union and Defendant were parties to a written CBA, the National Master United Parcel Service Agreement (the "NMA"), which sets forth the terms and conditions governing the employment of Plaintiff and other individuals in an appropriate bargaining unit. (Bravo Decl*,* ¶ 4, Ex. 1.) The current agreement, which includes the Union's Southwestern Package Rider ("Package Rider"), Southwestern Sort Rider ("Sort Rider") and Defendant's Western Region Supplement ("WRS"), contains provisions regarding alternative work assignments as a result of on-the-job injuries, disability and leave compensation, and require a procedure for employee grievances. (Bravo Decl., ¶¶ 4-4, Exs. 1, 2, 3).

- Article 14 of the NMA governs compensation claims for employees injured on the job (NMA at 35-3);
- Article 14, Subsection 2 governs temporary alternate work assignments,

including requirements for offering "temporary work opportunity to those employees who are unable to perform their normal work assignment due to an on-the-job injury" (NMA at 36-37);

- Article 14, Subsection 3 of the NMA governs the process for providing reasonable accommodations to a bargaining unit employee, including the possibility of a part-time job as an accommodation (NMA at 38-29);
- Section 20 of the Package Rider addresses disability and sick leave, including procedures for giving employees different employment classifications when declared permanently medically incapacitated (Package Rider at 266-268);
- Section 15 of the Sort Rider addresses earned sick when an employee is receiving worker's compensation or unemployment compensation disability benefits (Sort Rider at 343); and
- Addendum No. 2 to the Sort Rider governs the grievance procedure for any complaints asserted by employees represented by Local 396. (Sort Rider at 376).

30.  Although Plaintiff does not allege that he is a union member and that he is governed by a CBA, the lack of such allegations does not affect Section 301 preemption because resolution of Plaintiff's claims turns on interpretation of provisions in the CBA. *See Young v. Anthony's Fish Grottos, Inc.*, 830 F.2d 993, 997 (9th Cir. 1987) ("The district court . . . properly looked beyond the face of the complaint to determine whether the contract claim was in fact a section 301 claim for breach of a collective bargaining agreement 'artfully pleaded' to avoid federal jurisdiction.").

31.  Because the resolution of the Complaint depends upon the interpretation of a written collective bargaining agreement and the CBA provides a detailed procedure for alternative work assignments, it is necessarily preempted by Section 301 of the LMRA. *See Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202, 220-21 (1985); *see also Ruiz,* 2011 WL 3300098, at *8. As noted above, the claims

DEFENDANT'S NOTICE OF REMOVAL OF CIVIL ACTION FROM STATE COURT

alleged in the Complaint cannot be decided without interpreting the terms of the CBA, Riders, and Supplement. Here, Plaintiff's accommodation request, resulting from his alleged on-the-job injury, is dependent on the relevant provisions in the CBA noted above, and thus, this Court has original jurisdiction over Plaintiff's claims for disability discrimination, failure to accommodate, and failure to engage in interactive process.

32. Accordingly, the determination of Defendant's alleged liability in this Action will necessarily require an interpretation of the terms and provisions in the CBA documents. Thus, Plaintiff's Complaint falls within the preemptive scope of Section 301 of the LMRA, which provides that "[s]uits for violation of contracts between an employer and a labor organization representing employees… may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regarding to the citizenship of the parties." 29 U.S.C. § 185.

## VI.  SUPPLEMENTAL JURISDICTION

33. Under 28 U.S.C. § 1367(a), this Court has supplemental jurisdiction over Plaintiff's remaining state law causes of action, most of which are predicated on and related to Plaintiff's claims for failing to provide a reasonable accommodation, including engaging in the interactive process. Plaintiff's remaining state law causes of action arise from the same series of events so as to form part of the same case or controversy under Article III of the United States Constitution. *See Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 8 n.3, 123 S. Ct. 2058, 156 L. Ed. 2d 1 (2003) ("[A] state claim can . . . be removed through the use of the supplemental jurisdiction statute, 28 U.S.C. § 1367(a), provided that another claim in the complaint is removable."); *see also Hernandez v. Pac. Mar. Ass'n*, 379 Fed. App'x 668, 671 (9th Cir. 2010) ("Because the plaintiff's state law claims . . . [were] preempted by [§] 301 of the LMRA, the district court had federal question jurisdiction over at least some of the plaintiff's claims [and s]ubject matter

jurisdiction over the balance of the claims in the amended complaint was proper under 28 U.S.C. § 1367(a)."). As such, supplemental jurisdiction is appropriate.

## VII. CONCLUSION

34. Based on the allegations above, this action is properly removed to this Court from the Superior Court of the State of California, County of Los Angeles.

Dated: February 14, 2023

JONES DAY

By: _____
Liat L. Yamini
Estefani Rodriguez

Attorneys for Defendant
UNITED PARCEL SERVICE, INC.