# Exhibit A



**null / ALL**
**Transmittal Number: 26215218**
**Date Processed: 01/16/2023**

# Notice of Service of Process

| | |
|---|---|
| **Primary Contact:** | SOP UPS - United Parcel<br>SOP - PowerBrief - Wilmington<br>251 Little Falls Dr<br>Wilmington, DE 19808-1674 |
| **Electronic copy provided to:** | Sonja Jackson<br>Arlette Willis |

| | |
|---|---|
| **Entity:** | United Parcel Service, Inc.<br>Entity ID Number  2551129 |
| **Entity Served:** | United Parcel Service, Inc |
| **Title of Action:** | Gary Karen Martirosyan vs. United Parcel Service, Inc. |
| **Matter Name/ID:** | Gary Karen Martirosyan vs. United Parcel Service, Inc. (13479708) |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Discrimination |
| **Court/Agency:** | Los Angeles County Superior Court, CA |
| **Case/Reference No:** | 23STCV00458 |
| **Jurisdiction Served:** | California |
| **Date Served on CSC:** | 01/13/2023 |
| **Answer or Appearance Due:** | 30 Days |
| **Originally Served On:** | CSC |
| **How Served:** | Personal Service |
| Sender Information: | Doumanian & Associates<br>626-795-5802 |
| **Client Requested Information:** | Matter Type: Other/NA |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882   |   sop@cscglobal.com

Electronically FILED by Superior Court of California, County of Los Angeles on 01/10/2023 11:48 AM David W. Slayton, Executive Officer/Clerk of Court, by S. Ruiz,Deputy Clerk
23STCV00458

SUM-100

# SUMMONS
## *(CITACION JUDICIAL)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):* UNITED PARCEL SERVICE, INC., UPS, AND DOES 1 THROUGH 100, INCLUSIVE,

**YOU ARE BEING SUED BY PLAINTIFF:** GARY KAREN MARTIROSYAN
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

| |
|---|
| FOR COURT USE ONLY<br>*(SOLO PARA USO DE LA CORTE)* |

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*
Stanley Mosk Courthouse
111 North Hill Street
Los Angeles, CALIFORNIA, 90012

| CASE NUMBER:<br>*(Número del Caso):* |
|---|
| 23STCV00458 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Nancy P. Doumanian, SBN 168925          Tel: (626) 795-5802     Fax: (626) 795-5832
Doumanian & Associates
837 South Fair Oaks Avenue, Suite 200
Pasadena, California, 91105

DATE:
*(Fecha)* 01/10/2023

David W. Slayton, Executive Officer/Clerk of Court

Clerk, by          S. Ruiz          , Deputy
*(Secretario)*                      *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010).)*


[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):*  UNITED PARCEL SERVICE, INC
   under: ☒ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☒ by personal delivery on *(date):* 12/13/23

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

American LegalNet, Inc.
www.FormsWorkflow.com

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

Case 2:23-cv-01094-SB-DFM    Document 1-1    Filed 02/14/23    Page 4 of 59    Page ID
Electronically FILED by Superior Court of California, County of Los Angeles on 01/10/2023 11:16 AMDavid W. Slayton, Executive Officer/Clerk of Court, by S. Ruiz,Deputy Clerk
23STCV00458

Assigned for all purposes to: Stanley Mosk Courthouse, Judicial Officer: Yolanda Orozco

**NANCY P. DOUMANIAN, ESQ., SBN: 168925**
**DOUMANIAN & ASSOCIATES**
**837 South Fair Oaks Avenue, Suite 200**
**Pasadena, California 91105**
**Telephone: (626) 795-5802**
**Facsimile: (626) 795-5832**
**Email: nancy@nancylaw.com**

Attorneys for Plaintiff, GARY KAREN MARTIROSYAN

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF LOS ANGELES – CENTRAL DISTRICT

| | |
|---|---|
| GARY KAREN MARTIROSYAN,<br><br>Plaintiff,<br><br>v.<br><br>UNITED PARCEL SERVICE, INC., UPS, AND DOES 1 THROUGH 100, INCLUSIVE,<br><br>Defendants. | CASE NO. 23STCV00458<br>*[Assigned to the Honorable _____ ]*<br><br>**COMPLAINT FOR DAMAGES FOR:**<br><br>(1)  **Cause of Action for Disparate Treatment –Discrimination on the Basis of Medical Condition/Physical Disability in Violation of Government Code Sections 12940(a) and 12926(o);**<br>(2)  **Cause of Action for Discrimination on the Basis of Perceived Medical Condition/ Physical Disability in Violation of Government Code Sections 12940(a) and 12926(m);**<br>(3)  **Cause of Action for Disability Discrimination – Failure to Provide Reasonable Accommodation in Violation of Government Code Section 12940(m);**<br>(4)  **Cause of Action for Disability Discrimination – Failure to Engage in Interactive Process in Violation of Government Code 12940(n);**<br>(5)  **Cause of Action for Failure to Prevent Harassment, Retaliation and Discrimination in Violation of Government Code 12940(k);**<br>(6)  **Cause of Action for Retaliation in Violation of Government Code** |

- 1 -

COMPLAINT FOR DAMAGES



12940(h);

(7)    **Cause of Action for Hostile Work Environment Harassment – Conduct Directed at Plaintiff by Entity Defendant in Violation of Government Code Section 12940(j);**

(8)    **Cause of Action for Negligent Infliction of Emotional Distress; and**

(9)    **Cause of Action for Intentional Infliction of Emotional Distress.**

*[Demand for Jury Trial]*

   COMES NOW Plaintiff *GARY KAREN MARTIROSYAN and for his claims, demands, injurie, harms, and causes of action against Defendants UPS, UNITED PARCEL SERVICE and DOES 1 THROUGH 100 INCLUSIVE, hereby alleges, contends and states as follows:*

## GENERAL ALLEGATIONS

   1.    Plaintiff, **GARY KAREN MARTIROSYAN** [hereinafter referred to as "**MARTIROSYAN**", "**employee**" or "**plaintiff**"] is and was an individual residing in the County of Los Angeles, State of California, and is currently employed by defendants and their corporate affiliates or subsidiaries [hereinafter collectively referred to as plaintiff's "**EMPLOYER**"]. The plaintiff is a male over forty (40) years of age and is within a protected class or group based on his medical condition, and physical disability (including but not limited to musculoskeletal, neck, back, spine and other related orthopedic issues that affect his medical health and which require reasonable accommodation. The plaintiff is employed by the employer on a full-time basis and receives various benefits to include health insurance, vision coverage, dental coverage, a 401k/retirement plan, and other work-related benefits. During his employment, plaintiff always performs his job in an exemplary manner. He is never the subject of any legitimate workplace complaints or any legitimate disciplinary action. This is his Complaint against his employer, and individuals and managing agents of his employer, for damages arising out of his wrongful and unlawful actual/constructive termination, retaliation, discrimination on the basis of physical disability, discrimination on the basis of medical condition, retaliation, harassment, hostile work environment, and other mistreatment in the workplace, associational discrimination adverse employment actions, and other actionable

- 2 -

conduct by the defendants. Plaintiff seeks compensatory and punitive damages in this action as a result of defendant's wrongful actions and decisions.

2. At all times mentioned herein, Defendant **UNITED PARCEL SERVICE** [hereinafter "**DEFENDANTS**", "**EMPLOYER**" or "**DEFENDANT EMPLOYER**"] is and was a business entity of unknown form and operates its principal place of business in the County of Los Angeles, State of California, and more specifically at 16000 Armenta Avenue, Van Nuys, California 91406. This defendant is an American multinational shipping and receiving and supply company founded in 1907. The company has grown to become a Fortune 500 company and one of the world's largest shopping couriers. The company employs over 534,000 people nationwide and is worth over $15 billion dollars. Said defendant is the plaintiff's "employer" as the term is defined by *California Government Code Section* 12926(d), at all times referenced herein.

3. At all times mentioned herein, Defendant **UPS** [hereinafter "**UPS**,", "**DEFENDANTS**", "**EMPLOYER**" or "**DEFENDANT EMPLOYER**"] is and was a business entity of unknown form and operates its principal place of business in the County of Los Angeles, State of California, and more specifically at 16000 Arminta Avenue, Van Nuys, California 91406. This defendant is an American multinational shipping and receiving and supply company founded in 1907. The company has grown to become a Fortune 500 company and one of the world's largest shopping couriers. The company employs over 534,000 people nationwide and is worth over $15 billion dollars. Said defendant is the plaintiff's "employer" as the term is defined by *California Government Code Section* 12926(d), at all times referenced herein.

4. Plaintiff sues fictitious Defendants **DOES 1 through 100**, inclusive pursuant to *California Code of Civil Procedure* § 474, because their names and/or capacities are not presently known. Plaintiff will amend the Complaint when such facts become known. Plaintiff is informed and believes and based thereon, alleges that each of the fictitiously named defendants is responsible in some manner for the occurrences herein alleged and that plaintiff's damages were legally and/or proximately caused thereby.

COMPLAINT FOR DAMAGES

5.      Plaintiff further alleges that the acts, omissions, decisions, actions, and conduct committed by **EMPLOYER** as described herein were duly authorized, ratified and directed by its officers, directors, supervisors and managing agents.  Additionally, the **EMPLOYER** participated in the acts of its employees and managing agents as described herein and ratified and accepted the benefits of such wrongful acts directed at the plaintiff.

6.      At all times relevant, the defendant **EMPLOYER** is an entity subject to suit under the *California Fair Employment and Housing Act—Government Code § 12926, et. Seq.*, in that it regularly employs five or more persons.  Plaintiff is informed and believes and based thereon contends that said defendant employed over 100 employees in connection with its collection business.

7.      Plaintiff properly and timely complies with the requirements of the *Fair Employment and Housing Act [F.E.H.A.]* and exhausts his administrative remedies against the named defendants prior to the filing of this civil action.  Plaintiff files his original Complaint of Discrimination on **DCEMBER 16, 2022,** with the Department of Fair Employment & Housing. Plaintiff receives his right-to-sue letter as against all named defendants from the *Department of Fair Employment & Housing* on **DECEMBER 16, 2022,** and thereafter timely files this civil action.  Plaintiff has timely and properly exhausted his administrative remedies under the California Fair Employment and Housing Act, Government Code Section 12960 et seq.

## **FACTUAL BACKGROUND**

8.      Gary Martirosyan is a current employee of United Parcel Service, also known as UPS. He began his employment with this company and initially worked as a security guard through an outside contractor in 1993 working at the UPS location found at 16000 Arminta Avenue, Van Nuys, California.  He worked in this capacity from 1993 through 1995. On March 7, 1995, he was hired by UPS to work as a UPS Loader. The job duties for this position included: loading packages onto the trucks from conveyer belts. He was assigned to work at the Van Nuys Hub location. From 1996 through 2004, he worked in the Sort Isles department at the Van Nuys Hub location. The job duties for this position included: when conveyor belts bring packages from trucks, his duties involve sorting packages. From 1997 through 2004, he worked as in the Air

- 4 -

1    Doc department at the Van Nuys Hub location. His job duties in this position included: handling

2    rush delivery packages for transport to the airport.

3        9.        During his employment, he suffered various industrial injuries on the job

4    including but not limited to dog bites, back injuries, musculoskeletal injuries, and other injuries

5    of the upper and lower extremities. From June 2004 and continuing through April 7, 2020, the

6    employee worked as a Package Driver and was assigned to the Van Nuys Hub location, and at

7    this time he became a full-time employee. His job duties in this position included: driving the

8    infamous brown UPS trucks around along his scheduled delivery routes. On April 6, 2020, the

9    employee experienced another severe back injury on the job. He went home for the day but did

10   not feel better. On April 7, 2020, Mr. Martirosyan reported a back injury on the job which was

11   timely and properly reported through the chain of command and was part of ongoing trauma and

12   back injuries sustained by the employee from years on the job that was physically taxing on the

13   human body.

14       10.       On or about April 7, 2020, the employee sustained an industrial in the course of

15   his job duties as a UPS driver, to include orthopedic and musculoskeletal injuries involving his

16   neck, back, knees, feet and legs. The employer did not dispute that this injury was industrial in

17   origin. The treating health care provider concluded that to a reasonable degree of medical

18   probability that the employee sustained injury to the lumbar spine as a result of the April 7, 2020,

19   incident and while working for UPS. The company doctor placed work restrictions on him, and

20   the employee requested accommodation in the form of light duty/modify duty assignments. From

21   April 7, 2020, and continuing through May 6, 2020, the employee was allowed to work in a light

22   duty assignment. He was doing office and desk duty inside the main building and processing

23   paperwork in this light duty assignment. In this time frame, the employee was being evaluated by

24   the employer's doctors at Concentra Medical Clinic in Van Nuys and was placed under job

25   restrictions. The employee received physical therapy at this time which did not alleviate the

26   employee's pain and discomfort.

27       11.       On May 6, 2020, the doctor at Concentra issued a report that employee could not

28   drive a UPS truck, and he could do no bending, no stooping, and no lifting of anything over ten

- 5 -

COMPLAINT FOR DAMAGES

pounds. The employee was then told by his supervisor and Center Manager Carlos Cervantes that there were no more light duty, modified duty or alternate positions for the employee. He was then told by Center Manager Frank Diaz that he could go home. The light duty/modified duty assignment in which the employee worked was open and available and there was no reason for management to take that away from him. The employee was still treating with his doctor and hoped to get better soon and returned to his driver position. There was no burden or hardship to UPS in continuing to allow the employee to remain in this modified position while he was under restrictions.

12.     The HR office at the Van Nuys Hub location was no longer in existence due to COVID, and employees were given a generic email in order to communicate with the company for any human resources concerns. The employee was not able to contact anyone in human resources.

13.     From about May 2020 and continuing through December 2020, the employee remained at home as he had been sent home by his supervisor and he was still under a doctor's care and treating for his work injuries. During this time of pandemic, the employer converted many of its operations to remote working positions, and for a brief time no drivers were out on their routes, however, the company slowly transitioned to post pandemic operations. The employee made numerous demands to be returned to work in any capacity that accommodated his work restrictions, but the company never responded to any of his requests. The company only told him they were continuing to look for a suitable position for him. He asked to meet with management about his work restrictions to return him to the alternative assignment he had filled or to find a position that was consistent with his work restrictions. The employer did not respond at all to these inquiries other than to tell him they were looking for a position for him and he needed to wait to hear from them.

14.     In or about January 21, 2021, the employee is seen by Dr. Brourman and he continues to undergo treatment for medical conditions related to his back, legs and knees. The doctor imposed the following work restrictions: that the employee could not lift/carry over 25 pounds. The employer was given all of the employee's medical records and reports related to his

work injury. The employee remains on leave and continues to receive medical care and attention from Dr. Brourman.

15.    On or about March 3, 2021, he was again reevaluated by this physician who imposed the following work restrictions: "regarding the lumbar spine, the patient should not be required to lift over 25 pounds, and he should avoid repetitive bending, twisting and torquing at the waist, he should be allowed to transfer between sitting and standing as needed." The doctor was not given a job description by the employer. The doctor's findings and report were shared with the employer and they were asked to find a position for the employee.

16.    The employee is then released from his doctor's care on March 3, 2021, and is directed to return to work, then looks to the employer to assist him and his return to work. It was his intention to return to work in a position that accommodated his reasonable work restrictions, so that he could return to doing the job that he loved. The doctor-imposed work restrictions would be temporary and thus reasonable accommodation was being requested on a temporary basis.

17.    Between March 2021 and June 2021, the employee is waiting to hear back from UPS and was seeking reasonable accommodation and was asking to start the interactive process to search for modified duty, light duty, or alternative position to accommodate his temporary work restrictions.

18.    On or about June 22, 2021, UPS sent the employee a letter acknowledging the employee's request for a job-related accommodation and enclosing medical forms the employer requested be completed. It must be noted that the employee completed these forms several times and gave the employer authorization for release of his entire medical files.

19.    On July 8, 2021, the employee reaches out to UPS HR Services asking about the status of his return to work, whether he will be accommodated in his job restrictions, and whether the employer was willing to engage in the interactive process with him in order to return him to work. Also, on July 8, 2021, the employee reaches out to Brenda Hellerud (HR Occupational Health Supervisor) again asking to be returned to work. The employee was told to

COMPLAINT FOR DAMAGES

wait for UPS to see if there are any alternative positions to include light-duty, modified duty or alternative duties for him to perform. The employee patiently waits as he was told to do so.

20.    On July 13, 2021, the employee spoke with Amanda Gomez, an HR supervisor with UPS, about his pending ADA interactive case. A meeting over Zoom was scheduled for 11:00 AM on Wednesday, July 14, 2021. A meeting took place on July 14, 2021, at which time the employer representatives stated that there were no modified or alternate positions available but that UPS would continue looking for jobs for the employee and that he needed to stay home, wait and be patient until he hears back from UPS. The employee was told to wait for UPS to see if there were any alternative positions to include light-duty, modified duty or alternative duty for him to perform. The employee patiently waited as his employer asked him to do.

21.    On July 28, 2021, Amanda Gomez (Geo Services FT Supervisor) informs the employee of the following: "I regret to inform you that after carefully reviewing your situation, the company was not aware of any available positions that UPS at this time for which with or without reasonable accommodation. Know that we will continue to look for such available positions. If your condition or ability changes in the future, however, or if you become aware of an open position that you believe you are capable of performing, please contact me so that we may reevaluate your situation." The employee believes this was false and untrue representation and that the company had either not made diligent and good faith efforts to locate alternative job assignments that respected the employee's work restrictions and/or there were dozens of open and available alternate positions in light-duty or modified duty or in jobs that did not violate the employee's work restrictions. The employer, however, refused to timely, thoroughly or properly engage in the interactive process and explore these options with the employee.

22.    Between July 2021 and December 2021, the employee receives multiple assurance from UPS that they are looking for modified or temporary alternate positions for him and so he continues to patiently wait to hear back from the employer. On or about December 25, 2021, the employee sent another letter to UPS asking about the status of his return to work as he had not heard back from the company but was assured, they were looking for a position for him.

- 8 -

23.    On July 13, 2021, the employee is contacted by Amanda Gomez, HR Geo Services Supervisor, to speak with him regarding his pending ADA case. They asked to set up a meeting with the company's occupational health nurse. Ms. Gomez never followed up with the employee.

24.    On or about August 2, 2021, the employer through HR Services Brenda Hellerud, reached out to the employee asking him to sign authorizations for release of his medical records. The employee has given the employer access to his complete medical files on several prior occasions. Nevertheless, he provides the requested authorization so that UPS can "assess his request for accommodation adequately." The employee promptly responded and sent in the authorization requested, along with doctor's reports about his medical condition and physical disability.

25.    In or about January 2022, the employee reaches out again to HR Representative Gloria Chavez as he was waiting to hear back from her following their last conversation. Management also told the employee that if he wanted to return to work he needed to have his doctor remove all work restrictions. In prior conversations, Ms. Chavez repeatedly assured the employee that she was looking for a position for him that would satisfy his work restrictions. As he had not heard back from her, he was following up. In this conversation, Gloria Chavez indicated to the employee that there was a possible position for him but that she was going to follow up with the department manager to confirm this. She subsequently called the employee indicating she'd spoken to the department manager who told her that there were no modified positions available. However, Gloria Chavez indicated that she was going to continue to look for jobs for him and asked him to be patient and wait period.

26.    On April 24, 2022, the employee reaches out again to Gloria Chavez as he was waiting to hear back from her following their last conversation. In prior conversations, Ms. Chavez repeatedly assured the employee that she was looking for a position for him that would satisfy his work restrictions. Management also told the employee that if he wanted to return to work, he needed to have his doctor remove all work restrictions. As he had not heard back from her, he was following up. The employee got no response.

COMPLAINT FOR DAMAGES

27.     On May 3, 2022, the employee reaches out again to Gloria Chavez as he was waiting to hear back from her following their last conversation. Management also told the employee that if he wanted to return to work, he needed to have his doctor remove all work restrictions. In prior conversations, Ms. Chavez repeatedly assured the employee that she was looking for a position for him that would satisfy his work restrictions. As he had not heard back from her, he was following up. The employee got no response.

28.     On October 11, 2022, the employee again reached out to UPS HR Services Amanda Gomez regarding whether UPS was going to accommodate the employee in his work restrictions. The employee was told that the company was continuing to look for positions for him. Management also told the employee that if he wanted to return to work, he needed to have his doctor remove all work restrictions. The employee was told to wait for UPS to see if there were any alternative positions to include light-duty, modified duty or alternative duty for him to perform. The employee patiently waiting.

29.     The employee is informed and believes that a company like UPS has dozens of open and available alternative positions to include light-duty work, modified duty work, alternate duty work that could temporarily or permanently accommodate the plaintiff in his work restrictions and allow him to return to the job that he loves.

30.     The employee remains employed with UPS but is now being ignored, he is not being assisted, he is not being reinstated, and he has no information as to if or when he is going to be allowed to return to work. At this point, the employee feels that he is being constructively terminated in that his current working conditions are so intolerable that no reasonable person in his position would remain and they may have no reasonable alternative except to resign. The employee has no intentions of voluntarily leaving, quitting or resigning from his job, and wishes to return to work with some reasonable accommodation for his work restrictions related to his industrial injury. The employer has failed to engage in a timely and proper interactive process. The employer has refused to reasonably accommodate this long-term and valuable employee. The employee is informed and believes, given his familiarity with UPS operations over the many years he has worked with UPS, that there are plenty of light duty, desk duty, and modified work

assignments or other open and available positions at the company that he can do even with his reasonable restrictions, but UPS is refusing to help this valuable employee. The plaintiff is patiently waiting to be returned to work as his employer has asked him to do but feels that without the Court's intervention UPS will not do the right thing and return him to work.

**FIRST CAUSE OF ACTION FOR DISPARATE TREATMENT – DISCRIMINATION ON THE BASIS OF MEDICAL CONDITION AND/OR PHYSICAL DISABILITY IN VIOLATION OF GOVERNMENT CODE SECTION 12940(a) AGAINST DEFENDANTS AND DOES 1 THROUGH 100 INCLUSIVE.**

31.     Plaintiff incorporates by reference the allegations contained in Paragraphs 1 through 30 of this Complaint as though fully set forth herein.

32.     Plaintiff alleges as follows: (1) that defendant was an employer; (2) that plaintiff was an employee of the defendant; (3) that defendant terminated the plaintiff on the basis of his medical condition and/or physical disability, or otherwise engaged in adverse employment actions towards the plaintiff; (4) that plaintiff's medical condition/physical disability was a motivating reason for the defendant's decision to terminate the plaintiff and for defendant's engaging in adverse employment actions towards the plaintiff; (5) that the plaintiff was harmed; and (6) that the plaintiff's medical condition/physical disability were a substantial motivating reason for the defendant's decision to terminate the plaintiff or otherwise engage in adverse employment actions towards him.

33.     As a direct and legal result of defendant **EMPLOYER's** unlawful employment practices as alleged above, plaintiff suffered and continues to suffer economic and non-economic damages to an extent and amount according to proof at the time of trial. Economic damages shall include, but are not limited to, all claims for lost wages, benefits, salary increases and income, both past and future. Non-economic damages shall include but are not limited to the fear, humiliation, emotional distress, and mental, or emotional or physical pain and anguish that has been and/or will foreseeably be experienced by plaintiff, all to his damage and detriment, in a sum according to proof at trial. Plaintiff contends that he was subjected to numerous adverse employment actions [i.e., including but not limited to unfair and excessive job performance

1    criticism, negative performance appraisals, being kept off of work, not allowed to return to work,

2    set up to fail, sham discipline, sham accusations, failure to be accommodated for disability and

3    medical condition, failure to engage with plaintiff in a timely good faith interactive process,

4    given an accommodations and then the accommodation is taken away, forcing plaintiff to work

5    outside of his work restrictions, not respecting the plaintiff's work restrictions, increased

6    workloads, denial of intermittent leave, denial of modified work schedule, denial of modified

7    duties, less desirable work assignments, less workplace accommodations as compared to those

8    offered to co-workers or other similarly situated employees and forced retirement, mistreatment

9    of older workers and mistreatment of workers with medical conditions and/or physical

10   disabilities, mistreatment of workers needing reasonable accommodations upon return to work,

11   mistreatment of workers who seek and take medical leaves, less desirable work assignments,

12   among other actions not specified herein] the ultimate adverse employment action being his

13   wrongful and unlawful actual and/or constructive termination.

14       34.    Plaintiff is entitled to all compensatory and punitive damages recoverable under

15   California law, as well as costs and attorney's fees as provided by statute.

16   **SECOND CAUSE OF ACTION FOR DISCRIMINATION ON THE BASIS OF**

17   ***PERCIEVED*** **MEDICAL CONDITION AND/OR PHYSICAL DISABILITY AND**

18   **MEDICAL CONDITION AND PHYSICAL DISABILITY IN VIOLATION OF**

19   **GOVERNMENT CODE SECTION 12940(a) AGAINST DEFENDANTS AND DOES 1**

20   **THROUGH 100 INCLUSIVE.**

21       35.    Plaintiff incorporates by reference the allegations contained in Paragraphs 1

22   through 34 of this Complaint as though fully set forth herein.

23       36.    The plaintiff alleges that the defendants wrongfully discriminated against him

24   based on his medical condition and/or physical disability, based on his medical history and

25   physical condition, and based on the perception about his medical condition and physical

26   disability.  Plaintiff further alleges that: (1) the defendants were the plaintiff's employer; (2) that

27   plaintiff was an employee of the employer; (3) that the defendants knew that plaintiff had a

28   medical condition/physical injury and/or that defendant knew that plaintiff had treated for or had

a history relating to his medical condition/physical disability, namely hip replacement and related issues or defendants perceived this condition and injury; (4) that plaintiff was able to perform the essential job duties with reasonable accommodation for his medical condition/physical disability; (5) that defendant fired the plaintiff and subjected plaintiff to various adverse employment culminating in his wrongful and unlawful termination; (6) that plaintiff's medical condition/ physical disability was a substantial motivating reason for defendant's decision to fire and terminate the plaintiff and subjected plaintiff to various other adverse employment actions culminating in his actual termination; (7) that plaintiff was harmed; and (8) that defendant's conduct was a substantial factor in causing the plaintiff's harm.

37.    As a direct and legal result of defendant **EMPLOYER's** unlawful employment practices as alleged above, plaintiff suffered and continues to suffer economic and non-economic damages to an extent and amount according to proof at the time of trial. Economic damages shall include, but are not limited to, all claims for lost wages, benefits, salary increases and income, both past and future. Non-economic damages shall include but are not limited to the fear, humiliation, emotional distress, and mental, or emotional or physical pain and anguish that has been and/or will foreseeably be experienced by plaintiff, all to his damage and detriment, in a sum according to proof at trial. Plaintiff contends that he was subjected to numerous adverse employment actions [i.e., including but not limited to unfair and excessive job performance criticism, negative performance appraisals, being kept off of work, not allowed to return to work, set up to fail, sham discipline, sham accusations, failure to be accommodated for disability and medical condition, failure to engage with plaintiff in a timely good faith interactive process, given an accommodations and then the accommodation is taken away, forcing plaintiff to work outside of his work restrictions, not respecting the plaintiff's work restrictions, increased workloads, denial of intermittent leave, denial of modified work schedule, denial of modified duties, less desirable work assignments, less workplace accommodations as compared to those offered to co-workers or other similarly situated employees and forced retirement, mistreatment of older workers and mistreatment of workers with medical conditions and/or physical disabilities, mistreatment of workers needing reasonable accommodations upon return to work,

mistreatment of workers who seek and take medical leaves, less desirable work assignments, among other actions not specified herein] the ultimate adverse employment action being his wrongful and unlawful actual and/or constructive termination.

38.    Plaintiff is entitled to all compensatory and punitive damages recoverable under California law, as well as costs and attorney's fees as provided by statute.

**THIRD CAUSE OF ACTION FOR DISABILITY DISCRIMINATION - FAILURE TO PROVIDE REASONABLE ACCOMMODATION IN VIOLATION OF GOVERNMENT CODE SECTION 12940(m) AGAINST DEFENDANTS AND DOES 1 THROUGH 100 INCLUSIVE.**

39.    Plaintiff incorporates by reference the allegations contained in Paragraphs 1 through 38 of this Complaint as though fully set forth herein.

40.    Plaintiff alleges that defendant failed to reasonably accommodate his medical condition and/or physical disability.  Plaintiff further alleges as follows: (1) that defendant was an employer; (2) that plaintiff was an employee of the defendant; (3) that defendant treated the plaintiff as if he had a medical condition/physical disability that limited major activity; (4) that defendant knew of plaintiff's medical condition/physical disability; (5) that plaintiff was able to perform the essential job duties with reasonable accommodation for his medical condition/ physical disability; (6) that defendant failed to provide reasonable accommodation for plaintiff's medical condition/physical disability; (7) that plaintiff was harmed; and (8) that defendant's failure to provide reasonable accommodation was a substantial factor in causing the plaintiff's harm.

41.    As a direct and legal result of defendant **EMPLOYER's** unlawful employment practices as alleged above, plaintiff suffered and continues to suffer economic and non-economic damages to an extent and amount according to proof at the time of trial. Economic damages shall include, but are not limited to, all claims for lost wages, benefits, salary increases and income, both past and future. Non-economic damages shall include but are not limited to the fear, humiliation, emotional distress, and mental, or emotional or physical pain and anguish that has been and/or will foreseeably be experienced by plaintiff, all to his damage and detriment, in a

- 14 -

COMPLAINT FOR DAMAGES

1    sum according to proof at trial. Plaintiff contends that he was subjected to numerous adverse

2    employment actions [i.e., including but not limited to unfair and excessive job performance

3    criticism, negative performance appraisals, being kept off of work, not allowed to return to work,

4    set up to fail, sham discipline, sham accusations, failure to be accommodated for disability and

5    medical condition, failure to engage with plaintiff in a timely good faith interactive process,

6    given an accommodations and then the accommodation is taken away, forcing plaintiff to work

7    outside of his work restrictions, not respecting the plaintiff's work restrictions, increased

8    workloads, denial of intermittent leave, denial of modified work schedule, denial of modified

9    duties, less desirable work assignments, less workplace accommodations as compared to those

10    offered to co-workers or other similarly situated employees and forced retirement, mistreatment

11    of older workers and mistreatment of workers with medical conditions and/or physical

12    disabilities, mistreatment of workers needing reasonable accommodations upon return to work,

13    mistreatment of workers who seek and take medical leaves, less desirable work assignments,

14    among other actions not specified herein] the ultimate adverse employment action being his

15    wrongful and unlawful actual and/or constructive termination.

16    42.    Plaintiff is entitled to all compensatory and punitive damages recoverable under

17    California law, as well as costs and attorney's fees as provided by statute.

18    **FOURTH CAUSE OF ACTION FOR DISABILITY DISCRIMINATION -- FAILURE TO**

19    **ENGAGE IN THE INTERACTIVE PROCESS IN VIOLATION OF GOVERNMENT**

20    **CODE SECTION 12940(n) AGAINST DEFENDANTS AND DOES 1 THROUGH 100**

21    **INCLUSIVE.**

22    43.    Plaintiff incorporates by reference the allegations contained in Paragraphs 1

23    through 42 of this Complaint as though fully set forth herein.

24    44.    The plaintiff alleges that the employer defendants failed to engage in a good faith

25    interactive process with him to determine whether it would be possible to implement effective

26    reasonable accommodations so that plaintiff could perform his job safely and effectively without

27    any risk to himself, others or the employer.  The plaintiff further alleges as follows: (1) that

28    defendant was an employer; (2) that plaintiff was an employee of the defendant; (3) that plaintiff

has a medical condition/physical disability that was known to the defendants; (4) that plaintiff requested that defendants make reasonable accommodation for his medical condition/physical disability so that he would be able to perform the essential job requirements; (5) that plaintiff was willing to participate in an interactive process to determine whether reasonable accommodation could be made so that he would be able to perform the essential job requirements without jeopardizing the health, safety, well-being or business needs of the plaintiff, supervisors, co-workers or the defendant employer; (6) that defendant failed to participate in a timely good faith interactive process with the plaintiff to determine whether reasonable accommodations could be made; (7) that plaintiff was harmed; and (8) that defendant's failure to engage in a good faith interactive process was a substantial factor in causing the plaintiff's harm.

45.   As a direct and legal result of defendant **EMPLOYER's** unlawful employment practices as alleged above, plaintiff suffered and continues to suffer economic and non-economic damages to an extent and amount according to proof at the time of trial. Economic damages shall include, but are not limited to, all claims for lost wages, benefits, salary increases and income, both past and future. Non-economic damages shall include but are not limited to the fear, humiliation, emotional distress, and mental, or emotional or physical pain and anguish that has been and/or will foreseeably be experienced by plaintiff, all to his damage and detriment, in a sum according to proof at trial. Plaintiff contends that he was subjected to numerous adverse employment actions [i.e., including but not limited to unfair and excessive job performance criticism, negative performance appraisals, being kept off of work, not allowed to return to work, set up to fail, sham discipline, sham accusations, failure to be accommodated for disability and medical condition, failure to engage with plaintiff in a timely good faith interactive process, given an accommodations and then the accommodation is taken away, forcing plaintiff to work outside of his work restrictions, not respecting the plaintiff's work restrictions, increased workloads, denial of intermittent leave, denial of modified work schedule, denial of modified duties, less desirable work assignments, less workplace accommodations as compared to those offered to co-workers or other similarly situated employees and forced retirement, mistreatment

of older workers and mistreatment of workers with medical conditions and/or physical disabilities, mistreatment of workers needing reasonable accommodations upon return to work, mistreatment of workers who seek and take medical leaves, less desirable work assignments, among other actions not specified herein] the ultimate adverse employment action being his wrongful and unlawful actual and/or constructive termination.

46.    Plaintiff is entitled to all compensatory and punitive damages recoverable under California law, as well as costs and attorney's fees as provided by statute.

**FIFTH CAUSE OF ACTION FOR FAILURE TO PREVENT HARASSMENT, RETALIATION AND DISCRIMINATION ON THE BASIS OF DISABILITY AND MEDICAL CONDITION UNDER THE FAIR EMPLOYMENT AND HOUSING ACT (GOVT CODE 12900 ET SEQ) AGAINST DEFENDANTS AND DOES 1 THROUGH 100 INCLUSIVE.**

47.    Plaintiff hereby incorporates by reference the allegations contained in Paragraphs 1 through 46 of the Complaint, as though fully set forth herein.

48.    The plaintiff contends that the defendants failed to take all reasonable steps to prevent harassment, discrimination and retaliation based on age, medical condition, physical disability, request for accommodations in the workplace, presented claims for work injuries which are disabling.

49.    The plaintiff further alleges and contends as follows: (1) that the plaintiff was an employee of the defendants; (2) that plaintiff was subjected to harassment, retaliation and discrimination in his work environment; (3) that defendants failed to take all reasonable steps to prevent the harassment, discrimination and retaliation; (4) that plaintiff was harmed; and (5) that the defendants' failure to take all reasonable steps to prevent harassment, discrimination and retaliation was a substantial factor in causing plaintiff harm.

50.    As a direct and legal result of defendant **EMPLOYER's** unlawful employment practices as alleged above, plaintiff suffered and continues to suffer economic and non-economic damages to an extent and amount according to proof at the time of trial. Economic damages shall include, but are not limited to, all claims for lost wages, benefits, salary increases and income,

- 17 -

both past and future. Non-economic damages shall include but are not limited to the fear, humiliation, emotional distress, and mental, or emotional or physical pain and anguish that has been and/or will foreseeably be experienced by plaintiff, all to his damage and detriment, in a sum according to proof at trial. Plaintiff contends that he was subjected to numerous adverse employment actions [i.e., including but not limited to unfair and excessive job performance criticism, negative performance appraisals, being kept off of work, not allowed to return to work, set up to fail, sham discipline, sham accusations, failure to be accommodated for disability and medical condition, failure to engage with plaintiff in a timely good faith interactive process, given an accommodations and then the accommodation is taken away, forcing plaintiff to work outside of his work restrictions, not respecting the plaintiff's work restrictions, increased workloads, denial of intermittent leave, denial of modified work schedule, denial of modified duties, less desirable work assignments, less workplace accommodations as compared to those offered to co-workers or other similarly situated employees and forced retirement, mistreatment of older workers and mistreatment of workers with medical conditions and/or physical disabilities, mistreatment of workers needing reasonable accommodations upon return to work, mistreatment of workers who seek and take medical leaves, less desirable work assignments, among other actions not specified herein] the ultimate adverse employment action being his wrongful and unlawful termination.

51.    Plaintiff is entitled to all compensatory and punitive damages recoverable under California law, as well as attorney's fees provided by statute.

**SIXTH CAUSE OF ACTION FOR RETALIATION IN VIOLATION OF GOVERNMENT CODE SECTION 12940(h) AGAINST THE EMPLOYER DEFENDANTS AND DOES 1 THROUGH 100 INCLUSIVE.**

52.    Plaintiff hereby incorporates by reference the allegations contained in Paragraphs 1 through 51 of the Complaint, as though fully set forth herein.

53.    The plaintiff further contends as follows: (1) that the plaintiff claims that he was retaliated against on the basis of his medical condition, physical disability, for speaking out about discrimination, for asking for and taking a medical leave, for requesting leave or seeking

accommodations at work, and other related matters; (2) that the defendants engaged in various adverse actions against the plaintiff or subjected plaintiff to various adverse employment actions; (3) that plaintiff's protected activity was a substantial motivating reason for the defendants' decision to actually terminate his and/or to engage in other adverse employment actions against plaintiff; (4) that plaintiff was harmed; and (5) that the defendants' decision to discharge plaintiff and engage in other adverse employment actions against his was a substantial factor in causing plaintiff's harm.

54.    As a direct and legal result of defendant **EMPLOYER's** unlawful employment practices as alleged above, plaintiff suffered and continues to suffer economic and non-economic damages to an extent and amount according to proof at the time of trial. Economic damages shall include, but are not limited to, all claims for lost wages, benefits, salary increases and income, both past and future. Non-economic damages shall include but are not limited to the fear, humiliation, emotional distress, and mental, or emotional or physical pain and anguish that has been and/or will foreseeably be experienced by plaintiff, all to his damage and detriment, in a sum according to proof at trial. Plaintiff contends that he was subjected to numerous adverse employment actions [i.e., including but not limited to unfair and excessive job performance criticism, negative performance appraisals, being kept off of work, not allowed to return to work, set up to fail, sham discipline, sham accusations, failure to be accommodated for disability and medical condition, failure to engage with plaintiff in a timely good faith interactive process, given an accommodations and then the accommodation is taken away, forcing plaintiff to work outside of his work restrictions, not respecting the plaintiff's work restrictions, increased workloads, denial of intermittent leave, denial of modified work schedule, denial of modified duties, less desirable work assignments, less workplace accommodations as compared to those offered to co-workers or other similarly situated employees and forced retirement, mistreatment of older workers and mistreatment of workers with medical conditions and/or physical disabilities, mistreatment of workers needing reasonable accommodations upon return to work, mistreatment of workers who seek and take medical leaves, less desirable work assignments,

among other actions not specified herein] the ultimate adverse employment action being his wrongful and unlawful actual and/or constructive termination.

55.    Plaintiff is entitled to all compensatory and punitive damages recoverable under California law, as well as attorney's fees provided by statute.

**SEVENTH CAUSE OF ACTION FOR HOSTILE WORK ENVIRONMENT HARASSMENT –CONDUCT DIRECTED AT PLAINTIFF BY ENTITY DEFENDANT IN VIOLATION OF GOVERNMENT CODE SECTION 12940(J) AGAINST THE EMPLOYER DEFENDANTS AND DOES 1 THROUGH 100 INCLUSIVE.**

56.    Plaintiff hereby incorporates by reference the allegations contained in Paragraphs 1 through 55 of the Complaint, as though fully set forth herein.

57.    Plaintiff claims he was subjected to harassment based on his protected status (due to his age, physical condition and medical disability) at defendants' place of business during the time period culminating in his termination, and thereby, causing a hostile or abusive work environment.

58.    The plaintiff further claims as follows: (1) that the plaintiff is an employee of the defendants; (2) that plaintiff is subjected to unwanted harassing conduct because of his protected status; (3) that the harassing conduct is severe and pervasive; (4) that a reasonable person in the plaintiff's circumstances would have considered the work environment to be hostile or abusive; (5) that plaintiff considers the work environment to be hostile or abusive; (6) that a supervisor engages in the conduct and/or that the defendant or its supervisors and agents knew or should have known o the conduct and fail to take immediate and appropriate corrective action; (7) that the plaintiff is harmed; and (8) that the defendants' conduct is a substantial factor in causing the plaintiff's harm.

59.    As a direct and legal result of defendant **EMPLOYER's** unlawful employment practices as alleged above, plaintiff suffered and continues to suffer economic and non-economic damages to an extent and amount according to proof at the time of trial. Economic damages shall include, but are not limited to, all claims for lost wages, benefits, salary increases and income, both past and future. Non-economic damages shall include but are not limited to the fear,

humiliation, emotional distress, and mental, or emotional or physical pain and anguish that has been and/or will foreseeably be experienced by plaintiff, all to his damage and detriment, in a sum according to proof at trial. Plaintiff contends that he was subjected to numerous adverse employment actions [i.e., including but not limited to unfair and excessive job performance criticism, negative performance appraisals, kept off of work, sham discipline, sham accusations, failure to be accommodated or failure to engage with plaintiff in a timely good faith interactive process, given an accommodations and then the accommodation is taken away, forcing plaintiff to work outside of his work restrictions, not respecting the plaintiff's work restrictions, increased workloads, denial of intermittent leave, denial of modified work schedule, denial of modified duties, less desirable work assignments, less workplace accommodations as compared to those offered to co-workers or other similarly situated employees and forced retirement, mistreatment of older workers and mistreatment of workers with medical conditions and/or physical disabilities, mistreatment of workers needing reasonable accommodations upon return to work, mistreatment of workers who seek and take medical leaves, less desirable work assignments, among other actions not specified herein] the ultimate adverse employment action being his wrongful and unlawful actual and/or constructive termination.

60. Plaintiff is entitled to all compensatory damages recoverable under California law, as well as attorney's fees provided by statute.

**EIGHTH CAUSE OF ACTION FOR NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS AGAINST ALL DEFENDANTS AND DOES 1 THROUGH 100.**

61. Plaintiff incorporates by reference the allegations contained in Paragraphs 1 through 60 of this Complaint, as though fully set forth herein.

62. Plaintiff alleges that defendants' conduct as alleged herein caused him to suffer serious emotional distress. Under *City of Moorpark v. Superior Court* (1998) 18 Cal. 4th 1143, 1156, FEHA is not preempted by the Worker's Compensation Act set forth in the Labor Code, and as such the plaintiff can still proceed with this tort claim stemming from FEHA discrimination on the job.

63.    The plaintiff further contends as follows: (1) that the defendant employer was negligent; (2) that the plaintiff suffered serious emotional distress; and (3) that the defendants' negligence was a substantial factor in causing plaintiff's serious emotional distress.

64.    As a direct and legal result of defendant **EMPLOYER's** unlawful employment practices as alleged above, plaintiff suffered and continues to suffer economic and non-economic damages to an extent and amount according to proof at the time of trial. Economic damages shall include, but are not limited to, any and all claims for lost wages, benefits, salary increases and income, both past and future. Non-economic damages shall include but are not limited to the fear, humiliation, emotional distress, and mental, or emotional or physical pain and anguish that has been and/or will foreseeably be experienced by plaintiff, all to his damage and detriment, in a sum according to proof at trial. Plaintiff contends that he was subjected to numerous adverse employment actions [i.e., including but not limited to unfair and excessive job performance criticism, negative performance appraisals, being kept off of work, not allowed to return to work, set up to fail, sham discipline, sham accusations, failure to be accommodated for disability and medical condition, failure to engage with plaintiff in a timely good faith interactive process, given an accommodations and then the accommodation is taken away, forcing plaintiff to work outside of his work restrictions, not respecting the plaintiff's work restrictions, increased workloads, denial of intermittent leave, denial of modified work schedule, denial of modified duties, less desirable work assignments, less workplace accommodations as compared to those offered to co-workers or other similarly situated employees and forced retirement, mistreatment of older workers and mistreatment of workers with medical conditions and/or physical disabilities, mistreatment of workers needing reasonable accommodations upon return to work, mistreatment of workers who seek and take medical leaves, less desirable work assignments, among other actions not specified herein] the ultimate adverse action being his wrongful and unlawful actual and/or constructive termination.

65.    Plaintiff is entitled to any and all compensatory damages recoverable under California law for this cause of action.

**NINTH CAUSE OF ACTION FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS AGAINST ALL DEFENDANTS AND DOES 1 THROUGH 100.**

66.    Plaintiff incorporates by reference the allegations contained in Paragraphs 1 through 64 of this Complaint as though fully set forth herein.

67.    Plaintiff alleges that defendants' conduct caused him to suffer severe emotional distress.  Under *City of Moorpark v. Superior Court* (1998) 18 Cal. 4th 1143, 1156, FEHA is not preempted by the Worker's Compensation Act set forth in the Labor Code, and as such the plaintiff can still proceed with this tort claim stemming from FEHA discrimination on the job.

68.    Plaintiff further alleges as follows: (1) that defendant's conduct was outrageous; (2) that defendants intended to cause plaintiff emotional distress or that defendants acted with reckless disregard of the probability that plaintiff would suffer emotional distress, knowing that plaintiff was present when the conduct occurred; (3) that plaintiff suffered severe emotional distress; and (4) that defendants' conduct was a substantial factor in causing the plaintiff severe emotional distress.

69.    As a direct and legal result of defendant **EMPLOYER's** unlawful employment practices as alleged above, plaintiff suffered and continues to suffer economic and non-economic damages to an extent and amount according to proof at the time of trial. Economic damages shall include, but are not limited to, any and all claims for lost wages, benefits, salary increases and income, both past and future. Non-economic damages shall include but are not limited to the fear, humiliation, emotional distress, and mental, or emotional or physical pain and anguish that has been and/or will foreseeably be experienced by plaintiff, all to his damage and detriment, in a sum according to proof at trial. Plaintiff contends that he was subjected to numerous adverse employment actions [i.e., including but not limited to unfair and excessive job performance criticism, negative performance appraisals, being kept off of work, not allowed to return to work, set up to fail, sham discipline, sham accusations, failure to be accommodated for disability and medical condition, failure to engage with plaintiff in a timely good faith interactive process, given an accommodations and then the accommodation is taken away, forcing plaintiff to work outside of his work restrictions, not respecting the plaintiff's work restrictions, increased

workloads, denial of intermittent leave, denial of modified work schedule, denial of modified duties, less desirable work assignments, less workplace accommodations as compared to those offered to co-workers or other similarly situated employees and forced retirement, mistreatment of older workers and mistreatment of workers with medical conditions and/or physical disabilities, mistreatment of workers needing reasonable accommodations upon return to work, mistreatment of workers who seek and take medical leaves, less desirable work assignments, among other actions not specified herein] the ultimate adverse action being his wrongful and unlawful actual and/or constructive termination.

70.     Plaintiff is entitled to any and all compensatory and punitive damages recoverable under California law given fraud, oppression and malice by defendant as envisioned by *Code of Civil Procedure Section* 3294.

## PRAYER

**WHEREFORE, Plaintiff GARY KAREN MARTIROSYAN** seeks judgment against Defendants, and each of them, for the following:

(1)    For general, compensatory and special damages including lost wages, lost employee benefits, bonuses, benefits, mental and emotional distress, economic and non-economic damages, and other special and general damages according to proof at trial;

(2)    For all economic damages permitted by law;

(3)    For all non-economic damages permitted by law;

(4)    For an award of interest, including prejudgment interest, at the legal rate;

(5)    For an award to Plaintiff of costs of suit incurred herein on all causes of action;

(6)    For an award to Plaintiff of reasonable attorney's fees as permitted by law and under *Government Code Section* 12965;

(7)    For an award of punitive damages against the individual defendants pursuant to *Civil Code Section* 3294 (excluding as to the negligent infliction of emotional distress cause of action);

(8)    For declaratory relief as requested herein and a declaration of rights including the right of reinstatement for the plaintiff, and for a Court Order ending the discriminatory and harassing employment practices towards plaintiff and for the employer to create, implement and enforce a return-to-work program in the spirit of true equity, inclusion and diversity;

(9)    For an award to Plaintiff of such other and further relief as this Court deems just and proper.

DATED:  January 10, 2023

*DOUMANIAN & ASSOCIATES*

By: _____
NANCY P. DOUMANIAN, ESQ.
Attorneys for Plaintiff,
GARY MARTIROSYAN

- 25 -

COMPLAINT FOR DAMAGES

## DEMAND FOR JURY TRIAL

COMES NOW PLAINTIFF GARY KAREN MARTIROSYAN and hereby demands a trial by jury in this civil action.

DATED: January 10, 2023

*DOUMANIAN & ASSOCIATES*

By: _____
NANCY P. DOUMANIAN, ESQ.
Attorneys for Plaintiff,
GARY MARTIROSYAN

COMPLAINT FOR DAMAGES

Electronically FILED by Superior Court of California, County of Los Angeles on 01/10/2023 11:49 AM David W. Slayton, Executive Officer/Clerk of Court, by S. Ruiz,Deputy Clerk
23STCV00458

**CM-010**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| NANCY P. DOUMANIAN ESQ., SBN:168925<br>DOUMANIAN & ASSOCIATES<br>837 SOUTH FAIR OAKS AVENUE, SUITE 200<br>PASADENA, CALIFORNIA, 91105 | |

TELEPHONE NO.: (626) 795-5802    FAX NO.: (626) 795-5832
ATTORNEY FOR *(Name):* PLAINTIFF, GARY KAREN MARTIROSYAN

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
STREET ADDRESS: 111 NORTH HILL STREET
MAILING ADDRESS: 111 NORTH HILL STREET
CITY AND ZIP CODE: LOS ANGELES, CALIFORNIA 90012
BRANCH NAME: CENTRAL DISTRICT

CASE NAME: GARY KAREN MARTIROSYAN v. UNITED PARCEL SERVICE, INC, et. al.

| CIVIL CASE COVER SHEET<br>☒ Unlimited   ☐ Limited<br>(Amount        (Amount<br>demanded      demanded is<br>exceeds $25,000)  $25,000 or less) | Complex Case Designation<br>☐ Counter   ☐ Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | CASE NUMBER:<br>23STCV00458<br>JUDGE:<br>DEPT: |
|---|---|---|

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)

**Employment**
☒ Wrongful termination (36)
☐ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)

**Real Property**
☐ Eminent domain/Inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)

**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)

**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
☐ Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition *(not specified above)* (43)

2. This case ☐ is ☒ is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties    d. ☐ Large number of witnesses
   b. ☐ Extensive motion practice raising difficult or novel    e. ☐ Coordination with related actions pending in one or more courts
       issues that will be time-consuming to resolve    in other counties, states, or countries, or in a federal court
   c. ☐ Substantial amount of documentary evidence    f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a.☒ monetary   b. ☒ nonmonetary; declaratory or injunctive relief   c. ☒ punitive
4. Number of causes of action *(specify):* 9
5. This case ☐ is ☒ is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: January 10, 2023
Nancy P. Doumanian, Esq.
(TYPE OR PRINT NAME)    ▶    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on **all** other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>*www.courtinfo.ca.gov* |
|---|---|---|

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)—Personal Injury/Property
    Damage/Wrongful Death
Uninsured Motorist (46) *(if the*
    *case involves an uninsured*
    *motorist claim subject to*
    *arbitration, check this item*
    *instead of Auto)*
**Other PI/PD/WD (Personal Injury/**
**Property Damage/Wrongful Death)**
**Tort**
Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/
        Wrongful Death
Product Liability *(not asbestos or*
    *toxic/environmental)* (24)
Medical Malpractice (45)
    Medical Malpractice–
        Physicians & Surgeons
    Other Professional Health Care
        Malpractice
Other PI/PD/WD (23)
    Premises Liability (e.g., slip
        and fall)
    Intentional Bodily Injury/PD/WD
        (e.g., assault, vandalism)
    Intentional Infliction of
        Emotional Distress
    Negligent Infliction of
        Emotional Distress
    Other PI/PD/WD
**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
    Practice (07)
Civil Rights (e.g., discrimination,
    false arrest) *(not civil*
    *harassment)* (08)
Defamation (e.g., slander, libel)
    (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice
        *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)
**Employment**
Wrongful Termination (36) Other
    Employment (15)

**Contract**
Breach of Contract/Warranty (06)
    Breach of Rental/Lease
        Contract *(not unlawful detainer*
        *or wrongful eviction)*
    Contract/Warranty Breach–Seller
        Plaintiff *(not fraud or negligence)*
    Negligent Breach of Contract/
        Warranty
    Other Breach of Contract/Warranty
Collections (e.g., money owed, open
    book accounts) (09)
    Collection Case–Seller Plaintiff
    Other Promissory Note/Collections
        Case
Insurance Coverage *(not provisionally*
    *complex)* (18)
    Auto Subrogation
    Other Coverage
Other Contract (37)
    Contractual Fraud
    Other Contract Dispute
**Real Property**
Eminent Domain/Inverse
    Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property *(not eminent*
    *domain, landlord/tenant, or*
    *foreclosure)*
**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal*
    *drugs, check this item; otherwise,*
    *report as Commercial or Residential)*
**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
    Writ–Administrative Mandamus
    Writ–Mandamus on Limited Court
        Case Matter
    Writ–Other Limited Court Case
        Review
Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal–Labor
        Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.**
**Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
    *(arising from provisionally complex*
    *case type listed above)* (41)
**Enforcement of Judgment**
Enforcement of Judgment (20)
    Abstract of Judgment (Out of
        County)
    Confession of Judgment *(non-*
        *domestic relations)*
    Sister State Judgment
    Administrative Agency Award
        *(not unpaid taxes)*
    Petition/Certification of Entry of
        Judgment on Unpaid Taxes
    Other Enforcement of Judgment
        Case
**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified*
    *above)* (42)
    Declaratory Relief Only
    Injunctive Relief Only *(non-*
        *harassment)*
    Mechanics Lien
    Other Commercial Complaint
        Case *(non-tort/non-complex)*
    Other Civil Complaint
        *(non-tort/non-complex)*
**Miscellaneous Civil Petition**
Partnership and Corporate
    Governance (21)
Other Petition *(not specified*
    *above)* (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult
        Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief From Late
        Claim
    Other Civil Petition

**CIVIL CASE COVER SHEET**

American LegalNet, Inc.
www.FormsWorkflow.com

| SHORT TITLE:                                                    | CASE NUMBER        |
|----------------------------------------------------------------|--------------------|
| GARY KAREN MARTIROSYAN v. UNITED PARCEL SERVICE, INC, et. al    | 23STCV00458        |

## CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION
### (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

**This form is required pursuant to Local Rule 2.3 in all new civil case filings in the Los Angeles Superior Court.**

**Step 1:** After completing the Civil Case Cover Sheet (Judicial Council form CM-010), find the exact case type in Column A that corresponds to the case type indicated in the Civil Case Cover Sheet.

**Step 2:** In Column B, check the box for the type of action that best describes the nature of the case.

**Step 3:** In Column C, circle the number which explains the reason for the court filing location you have chosen.

| Applicable Reasons for Choosing Court Filing Location (Column C) |
|---|

1. Class actions must be filed in the Stanley Mosk Courthouse, Central District.
2. Permissive filing in central district.
3. Location where cause of action arose.
4. Mandatory personal injury filing in North District.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.

7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office.
11. Mandatory filing location (Hub Cases – unlawful detainer, limited non-collection, limited collection, or personal injury).

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Auto Tort** | Auto (22) | ☐ A7100 Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |
| | Uninsured Motorist (46) | ☐ A7110 Personal Injury/Property Damage/Wrongful Death - Uninsured Motorist | 1, 4, 11 |
| **Other Personal Injury/ Property Damage/ Wrongful Death Tort** | Asbestos (04) | ☐ A6070 Asbestos Property Damage<br>☐ A7221 Asbestos - Personal Injury/Wrongful Death | 1, 11<br>1, 11 |
| | Product Liability (24) | ☐ A7260 Product Liability (not asbestos or toxic/environmental) | 1, 4, 11 |
| | Medical Malpractice (45) | ☐ A7210 Medical Malpractice - Physicians & Surgeons<br>☐ A7240 Other Professional Health Care Malpractice | 1, 4, 11<br>1, 4, 11 |
| | Other Personal Injury Property Damage Wrongful Death (23) | ☐ A7250 Premises Liability (e.g., slip and fall)<br>☐ A7230 Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.)<br>☐ A7270 Intentional Infliction of Emotional Distress<br>☐ A7220 Other Personal Injury/Property Damage/Wrongful Death | 1, 4, 11<br>1, 4, 11<br>1, 4, 11<br>1, 4, 11 |

LASC CIV 109 Rev. 12/18
For Mandatory Use

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.3
Page 1 of 4


American LegalNet, Inc.
www.FormsWorkFlow.com

| SHORT TITLE: | CASE NUMBER |
|---|---|
| GARY KAREN MARTIROSYAN v. UNITED PARCEL SERVICE, INC, et. al | |

| | **A**<br>Civil Case Cover Sheet<br>Category No. | **B**<br>Type of Action<br>(Check only one) | **C** Applicable<br>Reasons - See Step 3<br>Above |
|---|---|---|---|
| **Non-Personal Injury/Property Damage/ Wrongful Death Tort** | Business Tort (07) | ☐ A6029 Other Commercial/Business Tort (not fraud/breach of contract) | 1, 2, 3 |
| | Civil Rights (08) | ☐ A6005 Civil Rights/Discrimination | 1, 2, 3 |
| | Defamation (13) | ☐ A6010 Defamation (slander/libel) | 1, 2, 3 |
| | Fraud (16) | ☐ A6013 Fraud (no contract) | 1, 2, 3 |
| | Professional Negligence (25) | ☐ A6017 Legal Malpractice | 1, 2, 3 |
| | | ☐ A6050 Other Professional Malpractice (not medical or legal) | 1, 2, 3 |
| | Other (35) | ☐ A6025 Other Non-Personal Injury/Property Damage tort | 1, 2, 3 |
| **Employment** | Wrongful Termination (36) | ☒ A6037 Wrongful Termination | 1 ② 3 |
| | Other Employment (15) | ☐ A6024 Other Employment Complaint Case | 1, 2, 3 |
| | | ☐ A6109 Labor Commissioner Appeals | 10 |
| **Contract** | Breach of Contract/ Warranty (06)<br>(not insurance) | ☐ A6004 Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2, 5 |
| | | ☐ A6008 Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence) | 2, 5 |
| | | ☐ A6019 Negligent Breach of Contract/Warranty (no fraud) | 1, 2, 5 |
| | | ☐ A6028 Other Breach of Contract/Warranty (not fraud or negligence) | 1, 2, 5 |
| | Collections (09) | ☐ A6002 Collections Case-Seller Plaintiff | 5, 6, 11 |
| | | ☐ A6012 Other Promissory Note/Collections Case | 5, 11 |
| | | ☐ A6034 Collections Case-Purchased Debt (Charged Off Consumer Debt Purchased on or after January 1, 2014) | 5, 6, 11 |
| | Insurance Coverage (18) | ☐ A6015 Insurance Coverage (not complex) | 1, 2, 5, 8 |
| | Other Contract (37) | ☐ A6009 Contractual Fraud | 1, 2, 3, 5 |
| | | ☐ A6031 Tortious Interference | 1, 2, 3, 5 |
| | | ☐ A6027 Other Contract Dispute(not breach/insurance/fraud/negligence) | 1, 2, 3, 8, 9 |
| **Real Property** | Eminent Domain/Inverse Condemnation (14) | ☐ A7300 Eminent Domain/Condemnation    Number of parcels _____ | 2, 6 |
| | Wrongful Eviction (33) | ☐ A6023 Wrongful Eviction Case | 2, 6 |
| | Other Real Property (26) | ☐ A6018 Mortgage Foreclosure | 2, 6 |
| | | ☐ A6032 Quiet Title | 2, 6 |
| | | ☐ A6060 Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2, 6 |
| **Unlawful Detainer** | Unlawful Detainer-Commercial (31) | ☐ A6021 Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-Residential (32) | ☐ A6020 Unlawful Detainer-Residential (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-Post-Foreclosure (34) | ☐ A6020F Unlawful Detainer-Post-Foreclosure | 2, 6, 11 |
| | Unlawful Detainer-Drugs (38) | ☐ A6022 Unlawful Detainer-Drugs | 2, 6, 11 |

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**



American LegalNet, Inc.
www.FormsWorkFlow.com

| SHORT TITLE: | CASE NUMBER |
|---|---|
| GARY KAREN MARTIROSYAN v. UNITED PARCEL SERVICE, INC, et. al | |

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C Applicable<br>Reasons - See Step 3<br>Above |
|---|---|---|---|
| **Judicial Review** | Asset Forfeiture (05) | ☐ A6108 Asset Forfeiture Case | 2, 3, 6 |
| | Petition re Arbitration (11) | ☐ A6115 Petition to Compel/Confirm/Vacate Arbitration | 2, 5 |
| | Writ of Mandate (02) | ☐ A6151 Writ - Administrative Mandamus | 2, 8 |
| | | ☐ A6152 Writ - Mandamus on Limited Court Case Matter | 2 |
| | | ☐ A6153 Writ - Other Limited Court Case Review | 2 |
| | Other Judicial Review (39) | ☐ A6150 Other Writ /Judicial Review | 2, 8 |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ A6003 Antitrust/Trade Regulation | 1, 2, 8 |
| | Construction Defect (10) | ☐ A6007 Construction Defect | 1, 2, 3 |
| | Claims Involving Mass Tort (40) | ☐ A6006 Claims Involving Mass Tort | 1, 2, 8 |
| | Securities Litigation (28) | ☐ A6035 Securities Litigation Case | 1, 2, 8 |
| | Toxic Tort Environmental (30) | ☐ A6036 Toxic Tort/Environmental | 1, 2, 3, 8 |
| | Insurance Coverage Claims from Complex Case (41) | ☐ A6014 Insurance Coverage/Subrogation (complex case only) | 1, 2, 5, 8 |
| **Enforcement of Judgment** | Enforcement of Judgment (20) | ☐ A6141 Sister State Judgment | 2, 5, 11 |
| | | ☐ A6160 Abstract of Judgment | 2, 6 |
| | | ☐ A6107 Confession of Judgment (non-domestic relations) | 2, 9 |
| | | ☐ A6140 Administrative Agency Award (not unpaid taxes) | 2, 8 |
| | | ☐ A6114 Petition/Certificate for Entry of Judgment on Unpaid Tax | 2, 8 |
| | | ☐ A6112 Other Enforcement of Judgment Case | 2, 8, 9 |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033 Racketeering (RICO) Case | 1, 2, 8 |
| | Other Complaints (Not Specified Above) (42) | ☐ A6030 Declaratory Relief Only | 1, 2, 8 |
| | | ☐ A6040 Injunctive Relief Only (not domestic/harassment) | 2, 8 |
| | | ☐ A6011 Other Commercial Complaint Case (non-tort/non-complex) | 1, 2, 8 |
| | | ☐ A6000 Other Civil Complaint (non-tort/non-complex) | 1, 2, 8 |
| **Miscellaneous Civil Petitions** | Partnership Corporation Governance (21) | ☐ A6113 Partnership and Corporate Governance Case | 2, 8 |
| | Other Petitions (Not Specified Above) (43) | ☐ A6121 Civil Harassment With Damages | 2, 3, 9 |
| | | ☐ A6123 Workplace Harassment With Damages | 2, 3, 9 |
| | | ☐ A6124 Elder/Dependent Adult Abuse Case With Damages | 2, 3, 9 |
| | | ☐ A6190 Election Contest | 2 |
| | | ☐ A6110 Petition for Change of Name/Change of Gender | 2, 7 |
| | | ☐ A6170 Petition for Relief from Late Claim Law | 2, 3, 8 |
| | | ☐ A6100 Other Civil Petition | 2, 9 |

LASC CIV 109 Rev. 12/18
For Mandatory Use


**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.3
Page 3 of 4


American LegalNet, Inc.
www.FormsWorkFlow.com

| SHORT TITLE: | CASE NUMBER |
|---|---|
| GARY KAREN MARTIROSYAN v. UNITED PARCEL SERVICE, INC, et. al | |

**Step 4:** **Statement of Reason and Address:** Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected. Enter the address which is the basis for the filing location, including zip code. (No address required for class action cases).

| REASON: | ADDRESS:  16000 Arminta Avenue |
|---|---|
| ☐ 1. ☒ 2. ☐ 3. ☐ 4. ☐ 5. ☐ 6. ☐ 7. ☐ 8. ☐ 9. ☐ 10. ☐ 11. | |

| CITY:  Van Nuys | STATE:  CA | ZIP CODE:  91406 | |
|---|---|---|---|

**Step 5:** **Certification of Assignment:** I certify that this case is properly filed in the _____CENTRAL_____ District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., §392 et seq., and Local Rule 2.3(a)(1)(E)].

Dated: January 10, 2023

_____
(SIGNATURE OF ATTORNEY/FILING PARTY)

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet, Judicial Council form CM-010.

4. Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 02/16).

5. Payment in full of the filing fee, unless there is court order for waiver, partial or scheduled payments.

6. A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

---

LASC CIV 109 Rev. 12/18
For Mandatory Use

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.3
Page 4 of 4



American LegalNet, Inc.
www.FormsWorkFlow.com

2019-GEN-014-00

**FILED**
Superior Court of California
County of Los Angeles

MAY 03 2019

Sherri R. Carter, Executive Officer/Clerk
By _____, Deputy
Rizalinda Mina

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| IN RE LOS ANGELES SUPERIOR COURT ) <br> — MANDATORY ELECTRONIC FILING ) <br> FOR CIVIL ) <br> ) <br> ) <br> ) <br> _____ ) | FIRST AMENDED GENERAL ORDER |

On December 3, 2018, the Los Angeles County Superior Court mandated electronic filing of all documents in Limited Civil cases by litigants represented by attorneys. On January 2, 2019, the Los Angeles County Superior Court mandated electronic filing of all documents filed in Non-Complex Unlimited Civil cases by litigants represented by attorneys. (California Rules of Court, rule 2.253(b).) All electronically filed documents in Limited and Non-Complex Unlimited cases are subject to the following:

1) **DEFINITIONS**

   a) **"Bookmark"** A bookmark is a PDF document navigational tool that allows the reader to quickly locate and navigate to a designated point of interest within a document.

   b) **"Efiling Portal"** The official court website includes a webpage, referred to as the efiling portal, that gives litigants access to the approved Electronic Filing Service Providers.

   c) **"Electronic Envelope"** A transaction through the electronic service provider for submission of documents to the Court for processing which may contain one or more PDF documents attached.

   d) **"Electronic Filing"** Electronic Filing (eFiling) is the electronic transmission to a Court of a document in electronic form. (California Rules of Court, rule 2.250(b)(7).)

2019-GEN-014-00

e) **"Electronic Filing Service Provider"**   An Electronic Filing Service Provider (EFSP) is a person or entity that receives an electronic filing from a party for retransmission to the Court. In the submission of filings, the EFSP does so on behalf of the electronic filer and not as an agent of the Court. (California Rules of Court, rule 2.250(b)(8).)

f) **"Electronic Signature"**   For purposes of these local rules and in conformity with Code of Civil Procedure section 17, subdivision (b)(3), section 34, and section 1010.6, subdivision (b)(2), Government Code section 68150, subdivision (g), and California Rules of Court, rule 2.257, the term "Electronic Signature" is generally defined as an electronic sound, symbol, or process attached to or logically associated with an electronic record and executed or adopted by a person with the intent to sign the electronic record.

g) **"Hyperlink"**   An electronic link providing direct access from one distinctively marked place in a hypertext or hypermedia document to another in the same or different document.

h) **"Portable Document Format"**   A digital document format that preserves all fonts, formatting, colors and graphics of the original source document, regardless of the application platform used.

2) MANDATORY ELECTRONIC FILING

a) Trial Court Records

Pursuant to Government Code section 68150, trial court records may be created, maintained, and preserved in electronic format. Any document that the Court receives electronically must be clerically processed and must satisfy all legal filing requirements in order to be filed as an official court record (California Rules of Court, rules 2.100, et seq. and 2.253(b)(6)).

b) Represented Litigants

Pursuant to California Rules of Court, rule 2.253(b), represented litigants are required to electronically file documents with the Court through an approved EFSP.

c) Public Notice

The Court has issued a Public Notice with effective dates the Court required parties to electronically file documents through one or more approved EFSPs. Public Notices containing effective dates and the list of EFSPs are available on the Court's website, at www.lacourt.org.

2019-GEN-014-00

d) Documents in Related Cases

Documents in related cases must be electronically filed in the eFiling portal for that case type if electronic filing has been implemented in that case type, regardless of whether the case has been related to a Civil case.

3) EXEMPT LITIGANTS

a) Pursuant to California Rules of Court, rule 2.253(b)(2), self-represented litigants are exempt from mandatory electronic filing requirements.

b) Pursuant to Code of Civil Procedure section 1010.6, subdivision (d)(3) and California Rules of Court, rule 2.253(b)(4), any party may make application to the Court requesting to be excused from filing documents electronically and be permitted to file documents by conventional means if the party shows undue hardship or significant prejudice.

4) EXEMPT FILINGS

a) The following documents shall not be filed electronically:

i) Peremptory Challenges or Challenges for Cause of a Judicial Officer pursuant to Code of Civil Procedure sections 170.6 or 170.3;

ii) Bonds/Undertaking documents;

iii) Trial and Evidentiary Hearing Exhibits

iv) Any ex parte application that is filed concurrently with a new complaint including those that will be handled by a Writs and Receivers department in the Mosk courthouse; and

v) Documents submitted conditionally under seal. The actual motion or application shall be electronically filed. A courtesy copy of the electronically filed motion or application to submit documents conditionally under seal must be provided with the documents submitted conditionally under seal.

b) Lodgments

Documents attached to a Notice of Lodgment shall be lodged and/or served conventionally in paper form. The actual document entitled, "Notice of Lodgment," shall be filed electronically.

//

//

2019-GEN-014-00

5) ELECTRONIC FILING SYSTEM WORKING PROCEDURES

Electronic filing service providers must obtain and manage registration information for persons and entities electronically filing with the court.

6) TECHNICAL REQUIREMENTS

   a) Electronic documents must be electronically filed in PDF, text searchable format **when** technologically feasible without impairment of the document's image**.**

   b) The table of contents for any filing must be bookmarked.

   c) Electronic documents, including but not limited to, declarations, proofs of service, and exhibits, must be bookmarked within the document pursuant to California Rules of Court, rule 3.1110(f)(4). Electronic bookmarks must include links to the first page of each bookmarked item (e.g. exhibits, declarations, deposition excerpts) and with bookmark titles that identify the bookedmarked item and briefly describe the item.

   d) Attachments to primary documents must be bookmarked. Examples include, but are not limited to, the following:

      i)    Depositions;

      ii)   Declarations;

      iii)  Exhibits (including exhibits to declarations);

      iv)  Transcripts (including excerpts within transcripts);

      v)    Points and Authorities;

      vi)   Citations; and

      vii)  Supporting Briefs.

   e) Use of hyperlinks within documents (including attachments and exhibits) is strongly encouraged.

   f) Accompanying Documents

Each document accompanying a single pleading must be electronically filed as a **separate** digital PDF document.

   g) Multiple Documents

Multiple documents relating to one case can be uploaded in one envelope transaction.

2019-GEN-014-00

h) Writs and Abstracts

Writs and Abstracts must be submitted as a separate electronic envelope.

i) Sealed Documents

If and when a judicial officer orders documents to be filed under seal, those documents must be filed electronically (unless exempted under paragraph 4); the burden of accurately designating the documents as sealed at the time of electronic submission is the submitting party's responsibility.

j) Redaction

Pursuant to California Rules of Court, rule 1.201, it is the submitting party's responsibility to redact confidential information (such as using initials for names of minors, using the last four digits of a social security number, and using the year for date of birth) so that the information shall not be publicly displayed.

7) ELECTRONIC FILING SCHEDULE

a) Filed Date

i) Any document received electronically by the court between 12:00 am and 11:59:59 pm shall be deemed to have been effectively filed on that court day if accepted for filing. Any document received electronically on a non-court day, is deemed to have been effectively filed on the next court day if accepted.    (California Rules of Court, rule 2.253(b)(6); Code Civ. Proc. § 1010.6(b)(3).)

ii) Notwithstanding any other provision of this order, if a digital document is not filed in due course because of: (1) an interruption in service; (2) a transmission error that is not the fault of the transmitter; or (3) a processing failure that occurs after receipt, the Court may order, either on its own motion or by noticed motion submitted with a declaration for Court consideration, that the document be deemed filed and/or that the document's filing date conform to the attempted transmission date.

8) EX PARTE APPLICATIONS

a) Ex parte applications and all documents in support thereof must be electronically filed no later than 10:00 a.m. the court day <u>before</u> the ex parte hearing.

2019-GEN-014-00

b) Any written opposition to an ex parte application must be electronically filed by 8:30 a.m. the day of the ex parte hearing. A printed courtesy copy of any opposition to an ex parte application must be provided to the court the day of the ex parte hearing.

9) PRINTED COURTESY COPIES

a) For any filing electronically filed two or fewer days before the hearing, a courtesy copy must be delivered to the courtroom by 4:30 p.m. the same business day the document is efiled. If the efiling is submitted after 4:30 p.m., the courtesy copy must be delivered to the courtroom by 10:00 a.m. the next business day.

b) Regardless of the time of electronic filing, a printed courtesy copy (along with proof of electronic submission) is required for the following documents:

   i) Any printed document required pursuant to a Standing or General Order;

   ii) Pleadings and motions (including attachments such as declarations and exhibits) of 26 pages or more;

   iii) Pleadings and motions that include points and authorities;

   iv) Demurrers;

   v) Anti-SLAPP filings, pursuant to Code of Civil Procedure section 425.16;

   vi) Motions for Summary Judgment/Adjudication; and

   vii) Motions to Compel Further Discovery.

c) Nothing in this General Order precludes a Judicial Officer from requesting a courtesy copy of additional documents. Courtroom specific courtesy copy guidelines can be found at www.lacourt.org on the Civil webpage under "Courtroom Information."

10) WAIVER OF FEES AND COSTS FOR ELECTRONICALLY FILED DOCUMENTS

a) Fees and costs associated with electronic filing must be waived for any litigant who has received a fee waiver. (California Rules of Court, rules 2.253(b)(), 2.258(b), Code Civ. Proc. § 1010.6(d)(2).)

b) Fee waiver applications for waiver of court fees and costs pursuant to Code of Civil Procedure section 1010.6, subdivision (b)(6), and California Rules of Court, rule 2.252(f), may be electronically filed in any authorized action or proceeding.

2019-GEN-014-00

1    11) SIGNATURES ON ELECTRONIC FILING

2        For purposes of this General Order, all electronic filings must be in compliance with California

3    Rules of Court, rule 2.257.  This General Order applies to documents filed within the Civil

4    Division of the Los Angeles County Superior Court.

5

6        This First Amended General Order supersedes any previous order related to electronic filing,

7    and is effective immediately, and is to remain in effect until otherwise ordered by the Civil

8    Supervising Judge and/or Presiding Judge.

9

10   DATED:  May 3, 2019



KEVIN C. BRAZILE
Presiding Judge

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

7

FIRST AMENDED GENERAL ORDER RE MANDATORY ELECTRONIC FILING FOR CIVIL

## VOLUNTARY EFFICIENT LITIGATION STIPULATIONS



**Superior Court of California
County of Los Angeles**



**Los Angeles County
Bar Association
Litigation Section**

**Los Angeles County
Bar Association Labor and
Employment Law Section**



**Consumer Attorneys
Association of Los Angeles**



**Southern California
Defense Counsel**



**Association of
Business Trial Lawyers**



**California Employment
Lawyers Association**

The Early Organizational Meeting Stipulation, Discovery Resolution Stipulation, and Motions in Limine Stipulation are voluntary stipulations entered into by the parties. The parties may enter into one, two, or all three of the stipulations; however, they may not alter the stipulations as written, because the Court wants to ensure uniformity of application. These stipulations are meant to encourage cooperation between the parties and to assist in resolving issues in a manner that promotes economic case resolution and judicial efficiency.

*The following organizations endorse the goal of promoting efficiency in litigation and ask that counsel consider using these stipulations as a voluntary way to promote communications and procedures among counsel and with the court to fairly resolve issues in their cases.*

**◆Los Angeles County Bar Association Litigation Section◆**

**◆ Los Angeles County Bar Association
Labor and Employment Law Section◆**

**◆Consumer Attorneys Association of Los Angeles◆**

**◆Southern California Defense Counsel◆**

**◆Association of Business Trial Lawyers◆**

**◆California Employment Lawyers Association◆**

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:  FAX NO. (Optional): | | |
| E-MAIL ADDRESS (Optional): | | |
| ATTORNEY FOR (Name): | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION – EARLY ORGANIZATIONAL MEETING | CASE NUMBER: |
|---|---|

**This stipulation is intended to encourage cooperation among the parties at an early stage in the litigation and to assist the parties in efficient case resolution.**

**The parties agree that:**

1. The parties commit to conduct an initial conference (in-person or via teleconference or via videoconference) within 15 days from the date this stipulation is signed, *to discuss and consider whether there can be agreement on the following*:

   a. Are motions to challenge the pleadings necessary? If the issue can be resolved by amendment as of right, or if the Court would allow leave to amend, could an amended complaint resolve most or all of the issues a demurrer might otherwise raise? If so, the parties agree to work through pleading issues so that a demurrer need only raise issues they cannot resolve. Is the issue that the defendant seeks to raise amenable to resolution on demurrer, or would some other type of motion be preferable? Could a voluntary targeted exchange of documents or information by any party cure an uncertainty in the pleadings?

   b. Initial mutual exchanges of documents at the "core" of the litigation. (For example, in an employment case, the employment records, personnel file and documents relating to the conduct in question could be considered "core." In a personal injury case, an incident or police report, medical records, and repair or maintenance records could be considered "core.");

   c. Exchange of names and contact information of witnesses;

   d. Any insurance agreement that may be available to satisfy part or all of a judgment, or to indemnify or reimburse for payments made to satisfy a judgment;

   e. Exchange of any other information that might be helpful to facilitate understanding, handling, or resolution of the case in a manner that preserves objections or privileges by agreement;

   f. Controlling issues of law that, if resolved early, will promote efficiency and economy in other phases of the case. Also, when and how such issues can be presented to the Court;

   g. Whether or when the case should be scheduled with a settlement officer, what discovery or court ruling on legal issues is reasonably required to make settlement discussions meaningful, and whether the parties wish to use a sitting judge or a private mediator or other options as

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

discussed in the "Alternative Dispute Resolution (ADR) Information Package" served with the complaint;

h. Computation of damages, including documents, not privileged or protected from disclosure, on which such computation is based;

i. Whether the case is suitable for the Expedited Jury Trial procedures (see information at ***www.lacourt.org*** under "*Civil*" and then under "*General Information*").

2. The time for a defending party to respond to a complaint or cross-complaint will be extended to _____ for the complaint, and _____ for the cross-
   <span style="font-size:smaller">(INSERT DATE)</span>                                    <span style="font-size:smaller">(INSERT DATE)</span>
   complaint, which is comprised of the 30 days to respond under Government Code § 68616(b), and the 30 days permitted by Code of Civil Procedure section 1054(a), good cause having been found by the Civil Supervising Judge due to the case management benefits provided by this Stipulation. A copy of the General Order can be found at ***www.lacourt.org*** under "*Civil*", click on "*General Information*", then click on "*Voluntary Efficient Litigation Stipulations*".

3. The parties will prepare a joint report titled "Joint Status Report Pursuant to Initial Conference and Early Organizational Meeting Stipulation, and if desired, a proposed order summarizing results of their meet and confer and advising the Court of any way it may assist the parties' efficient conduct or resolution of the case. The parties shall attach the Joint Status Report to the Case Management Conference statement, and file the documents when the CMC statement is due.

4. References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day

The following parties stipulate:

Date:

_____                ➢ _____
        (TYPE OR PRINT NAME)                                  (ATTORNEY FOR PLAINTIFF)
Date:

_____                ➢ _____
        (TYPE OR PRINT NAME)                                  (ATTORNEY FOR DEFENDANT)
Date:

_____                ➢ _____
        (TYPE OR PRINT NAME)                                  (ATTORNEY FOR DEFENDANT)
Date:

_____                ➢ _____
        (TYPE OR PRINT NAME)                                  (ATTORNEY FOR DEFENDANT)
Date:

_____                ➢ _____
        (TYPE OR PRINT NAME)                                  (ATTORNEY FOR _____)
Date:

_____                ➢ _____
        (TYPE OR PRINT NAME)                                  (ATTORNEY FOR _____)
Date:

_____                ➢ _____
        (TYPE OR PRINT NAME)                                  (ATTORNEY FOR _____)

| Print | Save | | Clear |

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | FAX NO. (Optional): | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION – DISCOVERY RESOLUTION | CASE NUMBER: |
|---|---|

**This stipulation is intended to provide a fast and informal resolution of discovery issues through limited paperwork and an informal conference with the Court to aid in the resolution of the issues.**

**The parties agree that:**

1.  Prior to the discovery cut-off in this action, no discovery motion shall be filed or heard unless the moving party first makes a written request for an Informal Discovery Conference pursuant to the terms of this stipulation.

2.  At the Informal Discovery Conference the Court will consider the dispute presented by parties and determine whether it can be resolved informally. Nothing set forth herein will preclude a party from making a record at the conclusion of an Informal Discovery Conference, either orally or in writing.

3.  Following a reasonable and good faith attempt at an informal resolution of each issue to be presented, a party may request an Informal Discovery Conference pursuant to the following procedures:

    a.  The party requesting the Informal Discovery Conference will:

        i.   File a Request for Informal Discovery Conference with the clerk's office on the approved form (copy attached) and deliver a courtesy, conformed copy to the assigned department;

        ii.  Include a brief summary of the dispute and specify the relief requested; and

        iii. Serve the opposing party pursuant to any authorized or agreed method of service that ensures that the opposing party receives the Request for Informal Discovery Conference no later than the next court day following the filing.

    b.  Any Answer to a Request for Informal Discovery Conference must:

        i.   Also be filed on the approved form (copy attached);

        ii.  Include a brief summary of why the requested relief should be denied;

**STIPULATION – DISCOVERY RESOLUTION**

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

  iii. Be filed within two (2) court days of receipt of the Request; and

  iv. Be served on the opposing party pursuant to any authorized or agreed upon method of service that ensures that the opposing party receives the Answer no later than the next court day following the filing.

 c. No other pleadings, including but not limited to exhibits, declarations, or attachments, will be accepted.

 d. If the Court has not granted or denied the Request for Informal Discovery Conference within ten (10) days following the filing of the Request, then it shall be deemed to have been denied. If the Court acts on the Request, the parties will be notified whether the Request for Informal Discovery Conference has been granted or denied and, if granted, the date and time of the Informal Discovery Conference, which must be within twenty (20) days of the filing of the Request for Informal Discovery Conference.

 e. If the conference is not held within twenty (20) days of the filing of the Request for Informal Discovery Conference, unless extended by agreement of the parties and the Court, then the Request for the Informal Discovery Conference shall be deemed to have been denied at that time.

4. If (a) the Court has denied a conference or (b) one of the time deadlines above has expired without the Court having acted or (c) the Informal Discovery Conference is concluded without resolving the dispute, then a party may file a discovery motion to address unresolved issues.

5. The parties hereby further agree that the time for making a motion to compel or other discovery motion is tolled from the date of filing of the Request for Informal Discovery Conference until (a) the request is denied or deemed denied or (b) twenty (20) days after the filing of the Request for Informal Discovery Conference, whichever is earlier, unless extended by Order of the Court.

It is the understanding and intent of the parties that this stipulation shall, for each discovery dispute to which it applies, constitute a writing memorializing a "specific later date to which the propounding [or demanding or requesting] party and the responding party have agreed in writing," within the meaning of Code Civil Procedure sections 2030.300(c), 2031.320(c), and 2033.290(c).

6. Nothing herein will preclude any party from applying *ex parte* for appropriate relief, including an order shortening time for a motion to be heard concerning discovery.

7. Any party may terminate this stipulation by giving twenty-one (21) days notice of intent to terminate the stipulation.

8. References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day.

| SHORT TITLE: | CASE NUMBER: |
|---|---|
|  |  |

**The following parties stipulate:**

Date:

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR PLAINTIFF)

Date:

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR DEFENDANT)

Date:

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR DEFENDANT)

Date:

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR DEFENDANT)

Date:

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR _____)

Date:

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR _____)

Date:

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR _____)

| Print | Save | | Clear |
|---|---|---|---|

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|

TELEPHONE NO.:
E-MAIL ADDRESS (Optional):
ATTORNEY FOR (Name):

FAX NO. (Optional):

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **INFORMAL DISCOVERY CONFERENCE**<br>(pursuant to the Discovery Resolution Stipulation of the parties) | CASE NUMBER: |
|---|---|

1. This document relates to:

   ☐　Request for Informal Discovery Conference
   ☐　Answer to Request for Informal Discovery Conference

2. Deadline for Court to decide on Request: _____ (insert date 10 calendar days following filing of the Request).

3. Deadline for Court to hold Informal Discovery Conference: _____ (insert date 20 calendar days following filing of the Request).

4. **For a Request for Informal Discovery Conference, <u>briefly</u> describe the nature of the discovery dispute, including the facts and legal arguments at issue.  For an Answer to Request for Informal Discovery Conference, <u>briefly</u> describe why the Court should deny the requested discovery, including the facts and legal arguments at issue.**

LACIV 094 (new)
LASC Approved 04/11
For Optional Use

**INFORMAL DISCOVERY CONFERENCE**
(pursuant to the Discovery Resolution Stipulation of the parties)

[ Print ]　　[ Save ]　　　　[ Clear ]

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|

TELEPHONE NO.:
E-MAIL ADDRESS (Optional):
ATTORNEY FOR (Name):

FAX NO. (Optional):

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION AND ORDER – MOTIONS IN LIMINE | CASE NUMBER: |
|---|---|

**This stipulation is intended to provide fast and informal resolution of evidentiary issues through diligent efforts to define and discuss such issues and limit paperwork.**

**The parties agree that:**

1. At least _____ days before the final status conference, each party will provide all other parties with a list containing a one paragraph explanation of each proposed motion in limine. Each one paragraph explanation must identify the substance of a single proposed motion in limine and the grounds for the proposed motion.

2. The parties thereafter will meet and confer, either in person or via teleconference or videoconference, concerning all proposed motions in limine. In that meet and confer, the parties will determine:

   a. Whether the parties can stipulate to any of the proposed motions. If the parties so stipulate, they may file a stipulation and proposed order with the Court.

   b. Whether any of the proposed motions can be briefed and submitted by means of a short joint statement of issues. For each motion which can be addressed by a short joint statement of issues, a short joint statement of issues must be filed with the Court 10 days prior to the final status conference. Each side's portion of the short joint statement of issues may not exceed three pages. The parties will meet and confer to agree on a date and manner for exchanging the parties' respective portions of the short joint statement of issues and the process for filing the short joint statement of issues.

3. All proposed motions in limine that are not either the subject of a stipulation or briefed via a short joint statement of issues will be briefed and filed in accordance with the California Rules of Court and the Los Angeles Superior Court Rules.

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

## The following parties stipulate:

Date:

_____          ➢  _____
(TYPE OR PRINT NAME)                                              (ATTORNEY FOR PLAINTIFF)

Date:

_____          ➢  _____
(TYPE OR PRINT NAME)                                              (ATTORNEY FOR DEFENDANT)

Date:

_____          ➢  _____
(TYPE OR PRINT NAME)                                              (ATTORNEY FOR DEFENDANT)

Date:

_____          ➢  _____
(TYPE OR PRINT NAME)                                              (ATTORNEY FOR DEFENDANT)

Date:

_____          ➢  _____
(TYPE OR PRINT NAME)                                              (ATTORNEY FOR _____)

Date:

_____          ➢  _____
(TYPE OR PRINT NAME)                                              (ATTORNEY FOR _____)

Date:

_____          ➢  _____
(TYPE OR PRINT NAME)                                              (ATTORNEY FOR _____)

## THE COURT SO ORDERS.

Date: _____          _____
                                                                              JUDICIAL OFFICER

[ Print ]          [ Save ]                                         [ Clear ]

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**FILED**
LOS ANGELES SUPERIOR COURT

MAY 1 1 2011

JOHN A. CLARKE, CLERK
*N. Navarro*
BY NANCY NAVARRO, DEPUTY

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF LOS ANGELES

General Order Re
Use of Voluntary Efficient Litigation
Stipulations

)
)
)
)
)
)

ORDER PURSUANT TO CCP 1054(a),
EXTENDING TIME TO RESPOND BY
30 DAYS WHEN PARTIES AGREE
TO EARLY ORGANIZATIONAL
MEETING STIPULATION

Whereas the Los Angeles Superior Court and the Executive Committee of the Litigation Section of the Los Angeles County Bar Association have cooperated in drafting "Voluntary Efficient Litigation Stipulations" and in proposing the stipulations for use in general jurisdiction civil litigation in Los Angeles County;

Whereas the Los Angeles County Bar Association Litigation Section; the Los Angeles County Bar Association Labor and Employment Law Section; the Consumer Attorneys Association of Los Angeles; the Association of Southern California Defense Counsel; the Association of Business Trial Lawyers of Los Angeles; and the California Employment Lawyers Association all "endorse the goal of promoting efficiency in litigation, and ask that counsel consider using these stipulations as a voluntary way to promote communications and procedures among counsel and with the court to fairly resolve issues in their cases;"

-1-

ORDER PURSUANT TO CCP 1054(a)

Whereas the Early Organizational Meeting Stipulation is intended to encourage cooperation among the parties at an early stage in litigation in order to achieve litigation efficiencies;

Whereas it is intended that use of the Early Organizational Meeting Stipulation will promote economic case resolution and judicial efficiency;

Whereas, in order to promote a meaningful discussion of pleading issues at the Early Organizational Meeting and potentially to reduce the need for motions to challenge the pleadings, it is necessary to allow additional time to conduct the Early Organizational Meeting before the time to respond to a complaint or cross complaint has expired;

Whereas Code of Civil Procedure section 1054(a) allows a judge of the court in which an action is pending to extend for not more than 30 days the time to respond to a pleading "upon good cause shown";

Now, therefore, this Court hereby finds that there is good cause to extend for 30 days the time to respond to a complaint or to a cross complaint in any action in which the parties have entered into the Early Organizational Meeting Stipulation. This finding of good cause is based on the anticipated judicial efficiency and benefits of economic case resolution that the Early Organizational Meeting Stipulation is intended to promote.

IT IS HEREBY ORDERED that, in any case in which the parties have entered into an Early Organizational Meeting Stipulation, the time for a defending party to respond to a complaint or cross complaint shall be extended by the 30 days permitted

-2-

by Code of Civil Procedure section 1054(a) without further need of a specific court order.

DATED: _May 11, 2011_

_Carolyn B. Kuhl_ Supervising Judge of the
Civil Departments, Los Angeles Superior Court

-3-

ORDER PURSUANT TO CCP 1054(a)

# SUPERIOR COURT OF CALIFORNIA
# COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:
Stanley Mosk Courthouse
111 North Hill Street, Los Angeles, CA 90012

PLAINTIFF:
GARY KAREN MARTIROSYAN

DEFENDANT:
UNITED PARCEL SERVICE, INC., et al.

**NOTICE OF CASE MANAGEMENT CONFERENCE**

Reserved for Clerk's File Stamp

**FILED**
Superior Court of California
County of Los Angeles

01/10/2023

David W. Slayton, Executive Officer / Clerk of Court

By: ___M. Jimenez___ Deputy

CASE NUMBER:
23STCV00458

TO THE PLAINTIFF(S)/ATTORNEY(S) FOR PLAINTIFF(S) OF RECORD:

You are ordered to serve this notice of hearing on all parties/attorneys of record forthwith, and meet and confer with all parties/attorneys of record about the matters to be discussed no later than 30 days before the Case Management Conference.

Your Case Management Conference has been scheduled at the courthouse address shown above on:

| Date: | Time: | Dept.: |
|-------|-------|--------|
| 05/11/2023 | 9:00 AM | 31 |

NOTICE TO DEFENDANT:   THE SETTING OF THE CASE MANAGEMENT CONFERENCE DOES NOT EXEMPT THE DEFENDANT FROM FILING A RESPONSIVE PLEADING AS REQUIRED BY LAW.

Pursuant to California Rules of Court, rules 3.720-3.730, a completed Case Management Statement (Judicial Council form # CM-110) must be filed at least 15 calendar days prior to the Case Management Conference. The Case Management Statement may be filed jointly by all parties/attorneys of record or individually by each party/attorney of record. You must be familiar with the case and be fully prepared to participate effectively in the Case Management Conference.

At the Case Management Conference, the Court may make pretrial orders including the following, but not limited to, an order establishing a discovery schedule; an order referring the case to Alternative Dispute Resolution (ADR); an order reclassifying the case; an order setting subsequent conference and the trial date; or other orders to achieve the goals of the Trial Court Delay Reduction Act (Gov. Code, § 68600 et seq.)

Notice is hereby given that if you do not file the Case Management Statement or appear and effectively participate at the Case Management Conference, the Court may impose sanctions, pursuant to LASC Local Rule 3.37, Code of Civil Procedure sections 177.5, 575.2, 583.150, 583.360 and 583.410, Government Code section 68608, subdivision (b), and California Rules of Court, rule 2.2 et seq.

Dated: __01/10/2023__

_Yolanda Orozco / Judge_
Judicial Officer

---

## CERTIFICATE OF SERVICE

I, the below named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Notice of Case Management Conference upon each party or counsel named below:

☑ by depositing in the United States mail at the courthouse in __Los Angeles__, California, one copy of the original filed herein in a separate sealed envelope to each address as shown below with the postage thereon fully prepaid.

☐ by personally giving the party notice upon filing of the complaint.

Nancy Prapion Doumanian, Esq
837 South Fair Oaks Avenue
Suite 200
Pasadena, CA 91105

David W. Slayton, Executive Officer / Clerk of Court

Dated: __01/10/2023__

By __M. Jimenez__
Deputy Clerk

LACIV 132 (Rev. 07/13)
LASC Approved 10-03
For Optional Use

**NOTICE OF
CASE MANAGEMENT CONFERENCE**

Cal. Rules of Court, rules 3,720-3.730
LASC Local Rules, Chapter Sgqdd

 **Superior Court of California, County of Los Angeles**

---

## ALTERNATIVE DISPUTE RESOLUTION (ADR)
## INFORMATION PACKAGE

**THE PLAINTIFF MUST SERVE THIS ADR INFORMATION PACKAGE ON EACH PARTY WITH THE COMPLAINT.**

**CROSS-COMPLAINANTS** must serve this ADR Information Package on any new parties named to the action with the cross-complaint.

---

### What is ADR?

ADR helps people find solutions to their legal disputes without going to trial. The main types of ADR are negotiation, mediation, arbitration, and settlement conferences. When ADR is done by phone, videoconference or computer, it may be called Online Dispute Resolution (ODR). These alternatives to litigation and trial are described below.

### Advantages of ADR

- **Saves Time:** ADR is faster than going to trial.
- **Saves Money:** Parties can save on court costs, attorney's fees, and witness fees.
- **Keeps Control** (with the parties): Parties choose their ADR process and provider for voluntary ADR.
- **Reduces Stress/Protects Privacy:** ADR is done outside the courtroom, in private offices, by phone or online.

### Disadvantages of ADR

- **Costs:** If the parties do not resolve their dispute, they may have to pay for ADR, litigation, and trial.
- **No Public Trial:** ADR does not provide a public trial or a decision by a judge or jury.

### Main Types of ADR

1. **Negotiation:** Parties often talk with each other in person, or by phone or online about resolving their case with a settlement agreement instead of a trial. If the parties have lawyers, they will negotiate for their clients.

2. **Mediation:** In mediation, a neutral mediator listens to each person's concerns, helps them evaluate the strengths and weaknesses of their case, and works with them to try to create a settlement agreement that is acceptable to all. Mediators do not decide the outcome. Parties may go to trial if they decide not to settle.

   **Mediation may be appropriate when the parties**
   - want to work out a solution but need help from a neutral person.
   - have communication problems or strong emotions that interfere with resolution.

   **Mediation may not be appropriate when the parties**
   - want a public trial and want a judge or jury to decide the outcome.
   - lack equal bargaining power or have a history of physical/emotional abuse.

---

LASC CIV 271 Rev. 02/22
For Mandatory Use

Page 1 of 2

## How to Arrange Mediation in Los Angeles County

Mediation for **civil cases** is voluntary and parties may select any mediator they wish. Options include:

a. **The Civil Mediation Vendor Resource List**
   If all parties in an active civil case agree to mediation, they may contact these organizations to request a "Resource List Mediation" for mediation at reduced cost or no cost (for selected cases).

   - **ADR Services, Inc.** Case Manager Elizabeth Sanchez, elizabeth@adrservices.com (949) 863-9800
   - **Mediation Center of Los Angeles** Program Manager info@mediationLA.org (833) 476-9145

**These organizations cannot accept every case and they may decline cases at their discretion**. They may offer online mediation by video conference for cases they accept. Before contacting these organizations, review important information and FAQs at www.lacourt.org/ADR.Res.List

**NOTE: The Civil Mediation Vendor Resource List program does not accept family law, probate or small claims cases.**

b. **Los Angeles County Dispute Resolution Programs**
   https://hrc.lacounty.gov/wp-content/uploads/2020/05/DRP-Fact-Sheet-23October19-Current-as-of-October-2019-1.pdf

   Day of trial mediation programs have been paused until further notice.

   **Online Dispute Resolution (ODR).** Parties in small claims and unlawful detainer (eviction) cases should carefully review the Notice and other information they may receive about (ODR) requirements for their case.

c. Mediators and ADR and Bar organizations that provide mediation may be found on the internet.

3. **Arbitration:** Arbitration is less formal than trial, but like trial, the parties present evidence and arguments to the person who decides the outcome. In "binding" arbitration, the arbitrator's decision is final; there is no right to trial. In "nonbinding" arbitration, any party can request a trial after the arbitrator's decision. For more information about arbitration, visit http://www.courts.ca.gov/programs-adr.htm

4. **Mandatory Settlement Conferences (MSC):** MSCs are ordered by the Court and are often held close to the trial date or on the day of trial. The parties and their attorneys meet with a judge or settlement officer who does not make a decision but who instead assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. For information about the Court's MSC programs for civil cases, visit http://www.lacourt.org/division/civil/C10047.aspx

Los Angeles Superior Court ADR website: http://www.lacourt.org/division/civil/C10109.aspx
For general information and videos about ADR, visit http://www.courts.ca.gov/programs-adr.htm

## SUPERIOR COURT OF CALIFORNIA
## COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:
Stanley Mosk Courthouse
111 North Hill Street, Los Angeles, CA 90012

### NOTICE OF CASE ASSIGNMENT

### UNLIMITED CIVIL CASE

Reserved for Clerk's File Stamp

**FILED**
Superior Court of California
County of Los Angeles

01/10/2023

David W. Slayton, Executive Officer / Clerk of Court

By: _____ S. Ruiz _____ Deputy

**Your case is assigned for all purposes to the judicial officer indicated below.**

CASE NUMBER:
23STCV00458

### THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT

| | ASSIGNED JUDGE | DEPT | ROOM | | ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|---|---|---|---|---|
| ✓ | Yolanda Orozco | 31 | | | | | |

Given to the Plaintiff/Cross-Complainant/Attorney of Record

on 01/10/2023
   (Date)

David W. Slayton, Executive Officer / Clerk of Court

By S. Ruiz _____, Deputy Clerk

LACIV 190 (Rev 6/18)
LASC Approved 05/06

**NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**

## INSTRUCTIONS FOR HANDLING UNLIMITED CIVIL CASES

The following critical provisions of the California Rules of Court, Title 3, Division 7, as applicable in the Superior Court, are summarized for your assistance.

### APPLICATION
The Division 7 Rules were effective January 1, 2007. They apply to all general civil cases.

### PRIORITY OVER OTHER RULES
The Division 7 Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

### CHALLENGE TO ASSIGNED JUDGE
A challenge under Code of Civil Procedure Section 170.6 must be made within **15** days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

### TIME STANDARDS
Cases assigned to the Independent Calendaring Courts will be subject to processing under the following time standards:

### COMPLAINTS
All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days.

### CROSS-COMPLAINTS
Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed. Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

### STATUS CONFERENCE
A status conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint. Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

### FINAL STATUS CONFERENCE
The Court will require the parties to attend a final status conference not more than 10 days before the scheduled trial date. All parties shall have motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested form jury instructions, special jury instructions, and special jury verdicts timely filed and served prior to the conference. These matters may be heard and resolved at this conference. At least five days before this conference, counsel must also have exchanged lists of exhibits and witnesses, and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Three of the Los Angeles Superior Court Rules.

### SANCTIONS
The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Three Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Three Rules. Such sanctions may be on a party, or if appropriate, on counsel for a party.

**This is not a complete delineation of the Division 7 or Chapter Three Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction. Careful reading and compliance with the actual Chapter Rules is imperative.**

### Class Actions
Pursuant to Local Rule 2.3, all class actions shall be filed at the Stanley Mosk Courthouse and are randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be a class action it will be returned to an Independent Calendar Courtroom for all purposes.

### *Provisionally Complex Cases
Cases filed as provisionally complex are initially assigned to the Supervising Judge of complex litigation for determination of complex status. If the case is deemed to be complex within the meaning of California Rules of Court 3.400 et seq., it will be randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be complex, it will be returned to an Independent Calendar Courtroom for all purposes.

**NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**