UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARY KAREN MARTIROSYAN,<br><br>　　　Plaintiff,<br><br>　v.<br><br>UNITED PARCEL SERVICE, INC.,<br><br>　　　Defendant. | Case No. 2:23-cv-01094-SB-DFM<br><br>ORDER DENYING PLAINTIFF'S MOTION TO REMAND [DKT. NO. 18] |

　　　Plaintiff Gary Karen Martirosyan moves to remand this employment case, arguing that Defendant United Parcel Service, Inc. (UPS) has not met its burden to show that the Court has subject matter jurisdiction. Dkt. No. 18. The Court finds this matter suitable for decision without oral argument and vacates the April 14, 2023 motion hearing. Fed. R. Civ. P. 78; L.R. 7-15. Since Plaintiff has not demonstrated that Defendant's removal was improper, the motion is denied.[1]

I.

　　　Plaintiff, a California citizen, has been an employee of Defendant since 1995. Dkt. No. 1-1 (Compl.) ¶ 8. On April 6, 2020, Plaintiff injured his back while working and reported his injury to Defendant the next day. *Id.* ¶¶ 9–10. Defendant's doctors evaluated Plaintiff and requested that Plaintiff receive

---

[1] It appears that Plaintiff did not comply with Local Rule 7-3 before filing this motion. Local Rule 7-3 requires a thorough prefiling conference on "the substance of the contemplated motion and any potential resolution." L.R. 7-3; Dkt. No. 13 (Standing Order for Civil Cases) ¶ 6(a). The only basis for the motion that Plaintiff's counsel disclosed before filing it was that Defendant frequently litigates in state court. Dkt. No. 32-1 ¶ 5. Plaintiff's counsel did not discuss the other substantive matters raised in the motion. *Id.* ¶ 7. Plaintiff is admonished that any further violation of the Court's rules and orders may result in sanctions.

1

accommodations, including lighter or modified duty assignments.  *Id*. ¶¶ 10–11.  Plaintiff was initially allowed to work on a "light duty" assignment, but Plaintiff's supervisor later told him that "there were no more light duty, modified duty or alternate positions for" him.  *Id*. ¶ 11.  Since May 2020, Plaintiff has been waiting to be placed in a different position, and his numerous discussions with Defendant about his placement have not resulted in him being reassigned.  *Id*. ¶¶ 13–30.  Plaintiff brings several claims under state law, including:  discrimination on the basis of perceived or actual medical condition or physical disability; failure to provide reasonable workplace accommodations; failure to engage in an interactive process to determine effective reasonable workplace accommodations; failure to prevent harassment, retaliation, and discrimination on the basis of disability and medical condition; retaliation; and hostile work environment.

Plaintiff filed this lawsuit in state court on January 10, 2023.  Defendant removed on February 14, 2023 based on both diversity and federal question jurisdiction.  Dkt. No. 1.  Defendant contends that there is complete diversity between the parties and more than $75,000 is at stake; Defendant also contends that at least some of Plaintiff's state law claims are completely preempted under § 301 of the Labor Management Relations Act.  This motion followed, which Defendant opposes.  Dkt. No. 32.[2]

II.

A defendant may remove a civil action from state to federal court when jurisdiction would originally lie in federal court.  28 U.S.C. § 1441(a).  If removal is based on diversity jurisdiction, the removing defendant must show complete diversity of citizenship among the parties and that the amount in controversy exceeds $75,000, exclusive of interest and costs.  *Id*. § 1332.  The removing party bears the burden of proof.  *Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 684 (9th

---

[2] Plaintiff requests that the Court take judicial notice of the state court complaint and answer in this case, records from the California Secretary of State's office, and state court records showing that Defendant previously has litigated in California state court.  Dkt. No. 19.  The first two requests are granted (though the first request is not necessary).  The third request is denied because Defendant's history of state court litigation is irrelevant.  *See Santa Monica Food Not Bombs v. City of Santa Monica*, 450 F.3d 1022, 1025 n.2 (9th Cir. 2006) (declining to take judicial notice of irrelevant documents).

Cir. 2006) (noting the "near-canonical rule that the burden on removal rests with the removing defendant"). There is a "strong presumption" against removal jurisdiction," and "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566–67 (9th Cir. 1992).

III.

Plaintiff challenges the Court's diversity jurisdiction on several grounds.

First, Plaintiff challenges Defendant's showing that there is complete diversity, contending that Defendant has not produced competent evidence of its corporate citizenship, has previously litigated in state court in California, and has registered agents for service of process in California. A corporation is a citizen of its state of incorporation and the state where it has its principal place of business. 28 U.S.C. § 1332. Along with its notice of removal, Defendant submitted a declaration from Ryan Swift, an "Assistant Secretary" who attested to his familiarity with Defendant's corporate structure, stating that Defendant is an Ohio corporation with its principal place of business in Georgia. Dkt. No. 1-4 (Swift Decl.).[3] Defendant has demonstrated that it is a citizen of Ohio and Georgia—not California.[4] That Defendant maintains operations in California, has previously litigated in California state court,[5] and has registered agents for service of process

---

[3] Plaintiff objects to Swift's declaration because Swift "is in house counsel and is not a corporate officer or director" and because his job title "Assistant Secretary" "does not exist in any traditional corporate structure." Dkt. No. 21. These objections are meritless. Swift attests that he has personal knowledge of Defendant's business records and corporate structure. Dkt. No. 1-4 ¶¶ 1–2. The objection is overruled.

[4] Plaintiff's own evidence supports this finding. Plaintiff submits a Statement of Information from the California Secretary of State indicating that Defendant is an Ohio corporation whose principal (and mailing) address is in Georgia. Dkt. No. 18-1, Ex. E; Dkt. No. 19, Ex. E. Plaintiff asserts that this exhibit shows that Defendant's mailing address is in San Diego, California, but the exhibit does not refer to San Diego.

[5] Plaintiff also argues that Defendant has waived its right to remove this case because it previously litigated wholly unrelated cases in state court. Not surprisingly, Plaintiff has cited no authority or provided any reasoned analysis to support this rather extraordinary waiver argument.

here does not make Defendant a California citizen for diversity jurisdiction purposes.

Second, Plaintiff argues that complete diversity is lacking because he intends to amend the complaint to name three California-based defendants who work for Defendant and were involved in his placement discussions. The jurisdiction of a district court over a removed case "is determined (and must exist) as of the time the complaint is filed and removal is effected." *Strotek Corp. v. Air Trans. Ass'n of Am.*, 300 F.3d 1129, 1131 (9th Cir. 2002). Plaintiff's intent to amend the complaint does not alter the fact that the operative complaint at the time of removal does not name a California citizen as a defendant. *Smith v. FCA US LLC*, No. 20-cv-00911-PJH, 2020 WL 1651430, at *2 (N.D. Cal. Apr. 3, 2020) ("[P]laintiff's stated future intentions are irrelevant for determining diversity of citizenship at the time defendant removed the case."). Further, Plaintiff has not sought leave to amend the complaint to name the three individuals as defendants. Remanding under 28 U.S.C. § 1447(e), which authorizes remand if a court allows a plaintiff to join defendants whose joinder destroys subject matter jurisdiction, would therefore be premature. Accordingly, there is complete diversity of citizenship.

Third, Plaintiff challenges Defendant's showing that the $75,000 amount in controversy threshold is met, arguing that the complaint does not request a specific amount in damages and that Defendant's comparison of the facts of this case to those in other cases to support its damages estimates is insufficient. The Court does not need to evaluate the sufficiency of Defendant's showing because Plaintiff conceded in the parties' Joint Rule 26(f) Report that more than $650,000 is at stake in this case. Dkt. No. 17 at 4; *see Bashir v. Boeing Co.*, 245 Fed. App'x 574, 575 (9th Cir. 2007) ("Evidence outside the complaint and the removal notice may be consulted to determine if removal jurisdiction existed at the time of removal."). Therefore, the amount in controversy requirement is satisfied. *See Mutti v. Rite Aid Corp.*, No. 14-cv-01593-MWF, 2014 WL 12771117, at *6 (C.D. Cal. Apr. 22, 2014) (finding that plaintiff's admission in the Joint Rule 26(f) Report that he was seeking more than $112,000 in damages conclusively established that the amount in controversy threshold was satisfied).[6]

---

[6] In light of Plaintiff's admission in the Joint Rule 26(f) Report, his request for jurisdictional discovery is denied.

IV.

Since the Court finds that it has diversity jurisdiction over this case, it does not consider Plaintiff's challenge to its federal question jurisdiction.[7] Plaintiff's motion to remand is DENIED.[8]

IT IS SO ORDERED.

Date: April 12, 2023

                                                  Stanley Blumenfeld, Jr.
                                                United States District Judge

---

[7] Apparently confusing personal and subject matter jurisdiction, Plaintiff also argues that Defendant did not plead lack of personal jurisdiction as an affirmative defense in its answer. Defendant has not challenged personal jurisdiction.

[8] Plaintiff did not challenge the timeliness of removal in his motion until filing his reply brief. Dkt. Nos. 26, 33. This challenge appears to be in response to an inquiry made by the Court at the mandatory scheduling conference. Dkt. No. 27. Because Plaintiff raised this argument outside the 30-day statutory period, he is procedurally barred from raising it at this point. 28 U.S.C. § 1447(c) (requiring that a procedural challenge to removal be brought within 30 days of removal); *see Smith v. Mylan Inc.*, 761 F.3d 1042, 1044 (9th Cir. 2014) ("[T]he court may remand for defects other than lack of subject matter jurisdiction only upon a timely motion to remand."). In any event, removal was timely because Defendant's last day to remove fell on a holiday. *See* Fed. R. Civ. P. 6(a)(6)(C) (defining holiday to include "any other day declared a holiday by the state where the district court is located"); Cal. Gov't Code § 6700(a)(5) (designating February 12 a California holiday); Cal. R. Ct. 1.11 (directing courts to observe a judicial holiday on a Monday when the holiday falls on a Sunday).