Liat L. Yamini, Bar No. 251238
lyamini@jonesday.com
JONES DAY
555 South Flower Street, Fiftieth Floor
Los Angeles, California 90071.2452
Telephone:  +1.213.489.3939
Facsimile:    +1.213.243.2539

Courtney L. Burks (admitted *pro hac vice*)
cburks@jonesday.com
JONES DAY
90 South Seventh Street, Suite 4950
Minneapolis, MN 55402
Telephone +1.612.217.8874
Facsimile:  +1.844.345.3178

Attorneys for Defendant
UNITED PARCEL SERVICE, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARY KAREN MARTIROSYAN,<br><br>Plaintiff,<br><br>v.<br><br>UNITED PARCEL SERVICE, INC., a corporation, and DOES 1 - 100, inclusive,<br><br>Defendant. | Case No. 2:23-cv-01094-SB-(DFMx)<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTION FOR AN AWARD OF ATTORNEYS' FEES**<br><br>The Honorable Stanley Blumenfeld Jr.<br><br>Date: November 17, 2023<br>Time: 8:30 AM<br>Courtroom: 6C |

## I.    INTRODUCTION

Plaintiff Gary Karen Martirosyan is a current UPS employee who sustained significant and permanent physical restrictions from an injury at work.  From the outset of this litigation, Plaintiff never disputed that his restrictions preclude him from performing his role with UPS as a package driver. Plaintiff's entire nine-count Complaint alleging violations of California's Fair Employment Housing Act ("FEHA") was premised only on his suspicion that UPS had other vacant jobs that he could perform, yet UPS refused to offer him those roles to accommodate his restrictions.

Months of discovery resulted in *no* evidence that supported Plaintiff's claims. Indeed, at the dispositive motion deadline, Plaintiff's "evidence" in support of his version of events consisted only of what Plaintiff had at the time the Complaint was filed—Plaintiff's own speculative testimony that UPS had withheld alternate positions that he could safely perform. In addition to lacking evidence, Plaintiff also had no supporting case law at summary judgment indicating that his testimony on UPS's accommodation efforts—even if true—could support a retaliation or hostile work environment claim under the FEHA. In short, it should have been clear to Plaintiff that his claims were both factually and legally deficient.

Plaintiff, nonetheless, continued to litigate his claims until September 26, 2023 by both opposing UPS's motion for summary judgment and purporting to move for summary judgment himself.  On September 26, the Court dismissed all of Plaintiff's claims on summary judgment.

UPS now seeks to recoup the reasonable attorneys' fees it unnecessarily incurred to defend Plaintiff's groundless discrimination, harassment, and retaliation claims under FEHA.  Specifically, UPS requests an award of $81,867.90 in attorneys' fees, representing fees incurred after July 24, 2023 (the date the parties' counsel engaged in a meet and confer conference to discuss the evidence borne out

- 1 -    Case No. 2:23-cv-01094-SB-(DFMx)

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF  DEFENDANT'S MOTION FOR AN AWARD OF ATTORNEYS' FEES

in discovery and the parties' respective legal positions on summary judgment) through September 26, 2023 (the date this Court ruled that Plaintiff had no evidence to establish a *prima facie* case with respect to any of his FEHA claims).

## II.   RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

### A.   FACTUAL BACKGROUND[1]

Plaintiff is a UPS employee who has worked as a package driver during most of his tenure. In April 2020, Plaintiff injured his back at work, which resulted in severe, permanent physical restrictions that precluded him from performing his package driver role. After requesting an accommodation from UPS, UPS immediately engaged in the interactive process by requesting information related to Plaintiff's restrictions, including an authorization to release Plaintiff's protected health information and medical forms to be completed by Plaintiff's health care provider. UPS also met with Plaintiff to discuss his physical limitations, any other requirements he had on an alternative position (e.g., location and Union requirements) and his thoughts on what potential jobs he could perform in light of his restrictions.

UPS assigned employees to search for an alternate position to accommodate Plaintiff's restrictions and to regularly communicate with him. Plaintiff was offered multiple roles that accommodated his restrictions, but Plaintiff refused them because they were not Union positions. UPS continued its accommodation search, but has found no vacant Union positions for which Plaintiff is qualified.

### B.   PROCEDURAL BACKGROUND

On January 10, 2023, Plaintiff sued UPS in the Superior Court of California, County of Los Angeles, alleging causes of action under the FEHA: (1) discrimination on the basis of disability, (2) discrimination on the basis of

---

[1] This section summarizes the Court's factual findings on summary judgment. *See* Dkt. 51 at 2-6.

- 2 -                                          Case No. 2:23-cv-01094-SB-(DFMx)

perceived disability, (3) failure to provide reasonable accommodation, (4) failure to engage in the interactive process, (5) failure to prevent harassment, retaliation, and discrimination, (6) retaliation, and (7) hostile work environment harassment. *See* Dkt. 1-1 ("Compl."). Plaintiff also alleged two tort claims for negligent infliction of emotional ("NIED") distress and intentional infliction of emotional distress ("IIED"). *Id.* UPS timely removed the matter on February 13, 2023.  *See* Dkt. 1.

On July 24, 2023, pursuant to the Court's Case Management Order (Dkt. 28) and Order Re: Motions for Summary Judgment (Dkt. 31), the parties met and conferred to "thoroughly discuss each issue to be raised and the law and evidence relevant to that issue" (*id.*). The parties indeed spent an hour engaged in a "meaningful and detailed conversation about the issues in the evidence" and "specifically set forth the parties respective positions" on summary judgment. *See* Dkt. 42-3 at JAE-0545 (Decl. of Nancy Doumanian ¶ 3); *see also id.* at JAE-0005 (Decl. of Courtney L. Burks ¶ 5). During this meet and confer, UPS's Counsel stressed that UPS had already offered Plaintiff reasonable accommodations that he had refused, which undercut his claims. Exhibit A, Decl. of Courtney L. Burks In. Supp. of Mot. for Award of Fees ("Burks Decl.") ¶ 10.  Moreover, UPS's Counsel explained that Plaintiff simply had no evidence to support any of his claims beyond his own speculative reasons as to why he had not yet been returned to work. *Id.* ¶ 11. UPS's Counsel also asked if Plaintiff had any case law to support his theory that failing to accommodate Plaintiff was equivalent to a hostile work environment or could support either an IIED or NIED tort claim, because UPS was aware of none. *Id.* Plaintiff's Counsel did not cite any case law or other guidance during the meet and confer. *Id.*

On August 18, 2023, UPS filed the parties' joint summary judgment briefing and the required joint appendices in support of the parties' respective positions (Dkt. 42). As anticipated, Plaintiff's only evidence in support of his opposition to

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF  DEFENDANT'S
MOTION FOR AN AWARD OF ATTORNEYS' FEES

UPS's motion for summary judgment and in support of his own purported summary judgment motion was a self-serving declaration Plaintiff prepared on August 14. *See* Dkt. 42-3 at JAE-0532. Plaintiff's portion of the joint brief was notably devoid of case law that supported his legal propositions.

On September 26, 2023, this Court granted UPS's motion for summary judgment on all claims. In its order, the Court repeatedly found that Plaintiff had "no evidence" that contradicted UPS's position on any pertinent issue. *See e.g.*, Dkt. 51 at 7 ("It is undisputed that Martirosyan is not qualified" to be a package driver), 9 ("Martirosyan has not produced any contrary evidence" that he was qualified for the roles he identified in the accommodation meeting), 11 ("Martirosyan presents no evidence contradicting UPS's showing that the positions were not vacant," and "no evidence that he is professionally or educationally qualified for any" positions he identified), 12 ("Martirosyan had produced no evidence establishing that UPS's light duty positions are anything other than temporary."), 15 ("Martirosyan has thus offered no evidence that this was a 'sham' offer of employment . . . ."), 16 ("Martirosyan produces no evidence of even a single incident of harassment"). The Court also observed that Plaintiff cited "no authority" for some of his positions. *See* Dkt. 51 at 15 ("Martirosyan cites no authority for his position that this constitutes an adverse employment action."). On September 26, the Court entered its final judgment dismissing all claims against UPS on the merits and with prejudice. Dkts. 51, 52.

## III. UPS IS ENTITLED TO REASONABLE ATTORNEYS' FEES

### A. PLAINTIFF CONTINUED TO LITIGATE HIS FEHA CLAIMS AFTER HE KNEW, OR SHOULD HAVE KNOWN, THAT THEY WERE UNREASONABLE OR WITHOUT FOUNDATION.

Plaintiff's first seven claims alleged intentional discrimination, retaliation, and harassment under FEHA. California Government Code § 12965(c)(6)

Case No. 2:23-cv-01094-SB-(DFMx)

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTION FOR AN AWARD OF ATTORNEYS' FEES

specifically authorizes an award of attorneys' fees and costs to the prevailing party in a FEHA action. *Bond v. Pulsar Video Productions*, 50 Cal. App. 4th 918, 921 (1996). A prevailing FEHA defendant should be awarded fees and costs when the plaintiff's claims were "frivolous, unreasonable, or groundless, *or that the plaintiff continued to litigate after it became clearly so*." Cal. Gov't § 12965(c)(6); *see also Williams v. Chino Valley Indep. Fire Dist.*, 61 Cal. 4th 97, 99-100 (2015) (standard applied in to Title VII claims also governs award of attorneys' fees under FEHA).

While a FEHA defendant's success on a motion for summary judgment is insufficient, by itself, to establish that a plaintiff's claims were "frivolous unreasonable, or groundless," courts frequently find that when there is "just no evidence" in the record to support a plaintiff's claims, then the claims are frivolous. *See, e.g.*, *Bond*, 50 Cal. App. 4th at 924 (1996) (affirming award of attorneys' fees after trial when the court found that "[t]here was just no evidence there"); *see also Zaman v. Kelly Servs., Inc.*, 2017 WL 2335601, at *4 (N.D. Cal. May 30, 2017) ("Of course, by the time [Defendant] had filed its motion for summary judgment and no evidence of discrimination had materialized, [Plaintiff] then should have known that continued litigation of his FEHA claims was unreasonable."); *Lial v. Cnty. of Stanislaus*, 2011 WL 92012, at *7 (E.D. Cal. Jan. 11, 2011) (granting fees award when the plaintiff "lacked evidence to raise even factual issues as to prima facie cases for her claims to warrant summary judgment for defendants."); *Guthrey v. State of California*, 63 Cal. App. 4th 1108, 1111 (1998) (affirming award of attorneys' fees under Cal. Gov't § 12965 because "there is absolutely no evidence in the record . . . which supports a finding that [the plaintiff] has even established a prima facie case for any of his claims.").

In this case, as in those illustrated above, Plaintiff submitted "no evidence" at summary judgment to raise a factual issue as to any prima facie element of his FEHA claims. Dkt. 51 at 7-16.  Notably, it had been undisputed since the outset of

- 5 -

Case No. 2:23-cv-01094-SB-(DFMx)

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF  DEFENDANT'S MOTION FOR AN AWARD OF ATTORNEYS' FEES

this case that Plaintiff could not perform his package driver position, with or without accommodation. *See generally* Dkt. 1-1, Compl.  That means Plaintiff's first two causes of action were groundless when they were filed. *See* Dkt. 42-1 at 13-14; *see also* Dkt. 51 at 7-8 (outlining prima facie case for disability discrimination claim, which includes requiring the plaintiff to establish he was qualified for the position he *held*). Plaintiff did not even respond to UPS's argument at summary judgment that Plaintiff's first two claims fail as a matter of law because Plaintiff was not qualified for his own position as a package driver. *See* Dkt. 42-1 at 16-17. Yet, at the meet and confer, Plaintiff refused to withdraw *any* claims and forced UPS to incur expenses moving for summary judgment on a dispositive issue that he did not defend against.

It should have been equally clear to Plaintiff at the summary judgment meet and confer that his remaining claims were also frivolous.  Plaintiff had no evidence—either in the form of deposition testimony or documentary evidence—that tended to rebut UPS's positions on each dispositive issue.  Thus, Plaintiff had to resort to submitting a self-serving declaration filled with bald assertions to defeat summary judgment. But it is axiomatic that a "conclusory, self-serving affidavit, lacking detailed facts and any supporting evidence, is insufficient to create a genuine issue of material fact." *FTC v. Publ'g Clearing House*, 104 F.3d 1168, 1171 (9th Cir. 1996). Plaintiff should have known that opposing summary judgment on this evidence alone was futile.

In short, it should have been clear to Plaintiff at least following the parties' robust summary judgment meet and confer conference that he had no valid basis to oppose UPS's summary judgment motion. By opposing UPS's summary judgment motion, Plaintiff "continued to litigate" his FEHA claims after it should have become clear that his claims were "frivolous,  unreasonable, or groundless." Cal. Gov't § 12965(c)(6). Thus, UPS is entitled to reasonable attorneys' fees following

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF  DEFENDANT'S MOTION FOR AN AWARD OF ATTORNEYS' FEES

the parties' summary judgment meet and confer through the entry of summary judgment.

**B.      THE RATES SOUGHT AND TIME SPENT WERE REASONABLE.**

For the reasons stated above, UPS is entitled to reasonable attorneys' fees. The reasonable value of attorney services is the "hourly amount to which attorneys of like skill in the area would typically be entitled." *Ketchum v. Moses*, 24 Cal.4th 1122, 1133 (2001) (quoting *Serrano v. Unruh*, 32 Cal.3d 621, 640 n.31 (1982)). Reasonableness also depends in part on the success of the attorneys' efforts. *See Stokus v. Mersh*, 217 Cal.App.3d 647, 657 (1990). As set forth in detail below, UPS seeks an award of its reasonable fees in the amount of $ $81,867.90

The hourly rates UPS seeks through this motion are reasonable. Reasonable rates are those charged by attorneys of comparable skill, reputation, and experience, as measured by the prevailing rates charged by attorneys in the market. The hourly rates sought in this motion of $537 for associate time and $1,068 for partner time is reasonable based on the experience, education, and expertise of UPS's Counsel. *See* Burks Decl. ¶ 17, Ex. 2 (showing the 2022 third quartile rates for Los Angeles employment litigation partners and associates in firms with more than 1,000 attorneys, like Jones Day); *see also Relman Colfax PLLC v. Fair Hous. Council of San Fernando Valley*, 2021 WL 1895905, at *4 (C.D. Cal. Mar. 16, 2021) (recognizing the Real Rate Reports as "a useful guidepost to assess the reasonableness of [ ] hourly rates in the Central District" and approving rates at $1,130/hour), *aff'd*, 2022 WL 1616994 (9th Cir. May 23, 2022). UPS's attorneys working on this case have significant legal training and relevant experience relating to employment litigation. The attorneys' credentials and experience are set forth below and in the concurrently filed declaration. *See* Burks Decl. ¶ 13.

Liat Yamini holds a bachelor's degree from UCLA and a J.D. from the

- 7 -                                    Case No. 2:23-cv-01094-SB-(DFMx)

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF  DEFENDANT'S MOTION FOR AN AWARD OF ATTORNEYS' FEES

University of Southern California.  She has been an employment litigator and member of Jones Day's Labor and Employment group for over a decade, where she is a partner. The hourly rate sought in this fee motion for Ms. Yamini's work is $1,068, which is less than her standard rate but consistent with the 2022 third quartile rates for Los Angeles employment litigation partners at firms of comparable size.  *See* Burks Decl. ¶ 17, Ex. 2.

Associate Courtney Burks holds a bachelor's degree from Vassar College and a J.D. with high honors from the University of Iowa College of Law.  She has been a member of Jones Day's Labor and Employment group for six years, following her clerkships on the U.S. Court of Appeals for the Ninth Circuit and the U.S. District Court for the District of Arizona.  The hourly rate sought in this fee motion for Ms. Burks' work is $537, which is less than her standard rate but consistent with the 2022 third quartile rates for employment litigation associates practicing in Los Angeles at firms of comparable size.

Associate Estefani Rodriguez holds a bachelor's degree from UCLA and a J.D. from U.C. Berkeley School of Law.  She was a member of Jones Day's Labor and Employment group for two years. The hourly rate sought in this fee motion for Ms. Rodriguez's work is $537, which is less than her standard rate but consistent with the 2022 third quartile rates for employment litigation associates practicing in Los Angeles at firms of comparable size.

The requested amount of fees were necessarily incurred and are reasonable and resulted in the dismissal of all of Plaintiff's substantive claims. Generally, defense counsel spent 148.40 hours:

- Researching and drafting a motion for summary judgment, memorandum in support of the motion, and all other accompanying papers;
- Preparing objections to Plaintiff's evidence and responses to Plaintiff's

- 8 -    Case No. 2:23-cv-01094-SB-(DFMx)

voluminous statement of additional facts;

- Preparing responses to Plaintiff's many evidentiary objections, including those submitted that were untimely;

- Drafting a reply brief; and

- Preparing for and attending the September 22, 2023 hearing on the Court's order to show cause as to why sanctions should not be issued, which is when the Court also heard the motion for summary judgment.

Burks Decl. ¶ 15, Ex. 1.

All of the time claimed herein was necessary and reasonable for a focused and efficient defense of Plaintiff's discrimination claims. UPS ultimately succeeded in its efforts by obtaining summary judgment on all of these claims.

## IV.    CONCLUSION

Based on the foregoing, UPS requests an award of attorneys' fees under Government Code section 12965 in the amount of $ $81,867.90 for defending against Plaintiff's claims after he knew or should have known they were frivolous.

Dated:  October 10, 2023                    JONES DAY


                                            By:/s/ Courtney L. Burks
                                                Liat L. Yamini
                                                Courtney L. Burks

                                            Attorneys for Defendant
                                            UNITED PARCEL SERVICE, INC.

**CERTIFICATION PURSUANT TO L.R. 7-3 AND STANDING ORDER FOR CIVIL CASES ASSIGNED TO JUDGE STANLEY BLUMENFELD, JR.**

I certify that the parties met by videoconference, discussed the issues raised in the motion, and attempted in good faith to resolve the motion in whole or in part.

By: */s/ Courtney L. Burks*
Courtney L. Burks

Attorney for Defendant
UNITED PARCEL SERVICE, INC.

- 10 -                    Case No. 2:23-cv-01094-SB-(DFMx)