UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARY KAREN MARTIROSYAN,<br><br>     Plaintiff,<br><br>v.<br><br>UNITED PARCEL SERVICE, INC.,<br><br>     Defendant. | Case No. 2:23-cv-01094-SB-DFM<br><br><br>ORDER DENYING<br>DEFENDANT'S MOTION FOR<br>ATTORNEY'S FEES [DKT. NO.<br>56] |

After suffering a back injury rendering him unable to work as a package delivery driver, Plaintiff Gary Karen Martirosyan sued his employer, Defendant United Parcel Service (UPS), for failing to provide him a suitable alternative position. The Court granted summary judgment in favor of UPS on all claims and entered final judgment. Dkt. Nos. 51, 52. UPS now moves for attorney's fees under California's Fair Employment and Housing Act (FEHA). Dkt. No. 56. The Court finds this matter suitable for decision without oral argument. Fed. R. Civ. P. 78; L.R. 7-15. Because UPS has not shown that Martirosyan's case meets the demanding standard of "frivolous, unreasonable, or groundless" required for a fee award, the Court denies the motion.

I.

The facts of this case are more fully explained in the Court's summary judgment order. Dkt. No. 51. Martirosyan injured his back in April 2020, preventing him from continuing to work as a package delivery driver. Over the following months, he requested that UPS place him in a vacant position that he could perform consistent with his medical restrictions resulting from his injury. Two years later, Martirosyan filed this lawsuit in state court, alleging seven FEHA claims (disability discrimination, perceived disability discrimination, failure to provide reasonable accommodation, failure to engage in the interactive process,

1

harassment, retaliation, and failure to prevent harassment) and tort claims for negligent and intentional infliction of emotional distress.  Dkt. No. 1-1 (Compl.).  Following removal and the denial of Martirosyan's remand motion, UPS and Martirosyan met and conferred in July 2023 about UPS's anticipated motion for summary judgment.  Martirosyan declined to dismiss any claims, and UPS's counsel spent 148.4 hours working on the motion for summary judgment over the next two months.  The Court granted UPS's motion for summary judgment on all claims in September 2023.  Relying on FEHA's attorney's fee provision, UPS now requests an award of $81,867.90 for its time spent working on that motion.  Dkt. No. 56.

## II.

California Government Code § 12965 generally authorizes a court "in its discretion" to award fees to a prevailing party in a FEHA case, but it can only award fees to a prevailing defendant if it "finds the action was frivolous, unreasonable, or groundless when brought, or the plaintiff continued to litigate after it clearly became so."  Cal. Gov't Code § 12965(c)(6).  Even then, an award of attorney's fees is discretionary.  *Id*. (stating that an award is a matter of "discretion"); *see also Maag v. Wessler*, 993 F.2d 718 (9th Cir. 1993) (observing that the Ninth Circuit has "never found a district court's *refusal* to award attorney's fees to a prevailing civil rights defendant to be an abuse of discretion").

The California standard is derived from the Supreme Court's decision in *Christiansburg Garment Co. v. EEOC*, a Title VII case in which the Court stated that an attorney's fee award to a successful defendant should be permitted "only where the action brought is found to be unreasonable, frivolous, meritless or vexatious." 434 U.S. 412, 421 (1978) (cleaned up); *Williams v. Chino Valley Independent Fire Dist.*, 61 Cal. 4th 97, 99–100 (2015) (*Christiansburg* rule applies to FEHA fee-shifting claims).  The Court in *Christiansburg* warned:

> In applying these criteria, it is important that a district court resist the understandable temptation to engage in post hoc reasoning by concluding that, because a plaintiff did not ultimately prevail, his action must have been unreasonable or without foundation.  This kind of hindsight logic could discourage all but the most airtight claims, for seldom can a prospective plaintiff be sure of ultimate success.

434 U.S. at 421–22.  The intent of the higher standard for defendants to recover fees is to "deter the bringing of lawsuits without foundation," *id*. at 420, without

"closing the courtroom door to plaintiffs who have meritorious claims but who dare not risk the financial ruin caused by an award of attorney fees if they ultimately do not succeed," *Rosenman v. Christensen, Miller, Fink, Jacobs, Glaser, Weil & Shapiro*, 91 Cal. App. 4th 859, 874 (2001).

A plaintiff's failure to survive summary judgment does not by itself indicate that the action was frivolous, unreasonable, or groundless. *Jersey v. John Muir Med. Ctr.*, 97 Cal. App. 4th 814, 831 (2002) (affirming summary judgment for defendant but reversing fee award because "lack of merit is not the proper standard" absent the additional findings required under *Christiansburg*). Nor does a plaintiff's failure to establish a prima facie case. *Cummings v. Benco Bldg. Servs.*, 11 Cal. App. 4th 1383, 1390 (1992) ("The award was an abuse of discretion if the trial court relied on plaintiff's failure to establish a prima facie case . . . ."). In determining whether to award fees, the question of groundlessness "must be evaluated with respect to [the plaintiff's] entire complaint, not simply the FEHA cause of action." *Jersey*, 97 Cal. App. 4th at 832. The fact that a certain cause of action may be groundless does not render the whole action groundless, because "a civil action is based upon the injury to the plaintiff, and not any particular legal theory." *Id.* (cleaned up).

III.

UPS contends that Martirosyan should have known his claims were frivolous, unreasonable, and groundless when the parties met to discuss UPS's anticipated motion for summary judgment, and that he should have not "continued to litigate" by opposing it.

While some of Martirosyan's causes of action were legally groundless, the Court, looking to his complaint as a whole, does not find that Martirosyan's decision to oppose summary judgment merits an award of attorney's fees. To be sure, Martirosyan's claims for disability discrimination and perceived disability discrimination required him to be qualified for the job he held as a package delivery driver, and Martirosyan never contended that he was so qualified. Martirosyan's claims for harassment, retaliation, and failure to prevent harassment were also entirely unsupported. As discussed in the Court's summary judgment ruling, Martirosyan presented no evidence even suggesting that harassment or retaliation occurred. And Martirosyan's causes of action for negligent and intentional infliction of emotional distress likewise lacked factual support. Were

these the only claims brought, the Court would be inclined to grant UPS's motion for attorney's fees.[1]

In the Court's view, however, the core of Martirosyan's lawsuit is found in his claims for failure to accommodate and failure to engage in the interactive process. Both claims require that Martirosyan be a qualified individual for a vacant position. As the Court found in granting summary judgment, UPS produced evidence that there were no vacant positions for which Martirosyan was qualified besides the ones that it had offered him. Martirosyan disagreed with that contention, arguing that the part-time position he was offered was a "sham," that UPS must have a vacant position given the size of the company, and that he could perform various positions he had identified online. But he provided no evidentiary support for any of those contentions and thus created no genuine dispute of material fact. As for the last argument, he failed to even allege (much less produce evidence) that the positions he identified were vacant and located in an area near him (or even in California), or that he was qualified to do any of these jobs.

While these two claims were meritless based on the state of the summary judgment record, the Court is not prepared to find them to be frivolous. UPS produced declarations from its employees, notes from the accommodation meeting it had with Martirosyan, and records of its job searches and communications with Martirosyan—all of which supported UPS's position that it had attempted to accommodate Martirosyan and had engaged in the interactive process in good faith. This was enough to prevail on summary judgment because Martirosyan produced little more than vague evidence and speculation about a suitable job vacancy. Although the Court found the evidence to be insufficient to raise a genuine dispute, UPS has not shown that an award of fees against Martirosyan is warranted here.[2]

---

[1] The Court does not condone the scattergun practice of presenting every conceivable legal theory that might apply to an alleged injury without serious consideration of whether the facts support each theory. That is improper even at the pleading stage, and a party who engages in such a practice risks being sanctioned. *See* Fed. R. Civ. P. 11(b) (requiring a party to certify that "the claims, defenses, and other legal contentions are warranted by . . . law" and that "the factual contentions have [or likely will have] evidentiary support").

[2] UPS separately points out that Martirosyan's lawyer was sanctioned for her conduct in preparing the summary judgment motion. Dkt. No. 48 (sanctioning Martirosyan's counsel for repeated failure to comply with the Court's summary

Accordingly, UPS's motion for attorney's fees is DENIED.

Date: November 16, 2023

_____
Stanley Blumenfeld, Jr.
United States District Judge

---

judgment order).  But that observation does not support UPS's motion for attorney's fees, because the Court already imposed what it viewed as the proper punishment for Martirosyan's lawyer's conduct: a verbal sanction.